The State at the Relation and to the Use of Edmond Koeln, Collector of the Revenue for City of St. Louis, Appellant, v. Southwestern Bell Telephone Company.—292 S. W. 1037.

Division Two, March 14, 1927.

1. INCOME TAXATION: Reduction for Part of Year. The Legislature may provide for the collection of the income tax prescribed by the existing law for the part of the year which has expired at the time the act becomes effective and for a reduced rate for the remainder of the year.

2. ———: ———: Act of 1921: Subject to Referendum: Effective Date. The Act of 1921 (Laws 1921, Ex. Sess., p. 189) amending Section 13112, Revised Statutes 1919, reducing income taxes for that part of the year "which shall not have expired at the date this act shall take effect" and declaring in its emergency clause that "this act shall take effect and be in force from and after its passage and approval," was not one of those laws excepted from the operation of the referendum provisions of the Constitution, and therefore did not take effect upon its approval by the Governor, on August 1st, but became effective ninety days after the adjournment of the legislative session at which it was enacted, and the effective date was November 2nd, and therefore the income tax of one-half of one per cent applied to only that part of the year which had not expired when the act took effect on November 2nd, and the tax collectible for that part of the year which had expired on that date was one and one-half per cent.

3. ———: Legislative Intention: Emergency Clause. It will not be held that the Legislature employed the circuitous route of using an emergency clause to perform an office for which it was not by the Constitution intended; and particularly so, where exact language could have been used in the body of the bill to express what it is claimed was the legislative intention. Where the act could not go into effect for ninety days after the adjournment of the legislative session at which it was enacted, it will not be held that the Legislature, by attaching an emergency clause declaring that it should take effect upon its passage and approval, intended to reduce the income taxes for the year to approximately one per cent, when they could easily have so said in the body of the act if such was their intention. It will not be ruled that the Legislature intended to nullify the operative words of an act by indirection, or by an emergency clause meant to give the body of the act an entirely different effect from that which its language imports.

4. RETROSPECTIVE OPERATION: Immediate Effect. To make effective upon the approval of the Governor an act which under the Constitution is subject to referendum, is to give it a retrospective operation.

5. LEGISLATIVE INTENTION: Relief from Taxation. The Legislature can embody in an act relating to income taxes a provision relieving the taxpayer from paying the taxes for the current year authorized by existing law, but it will not be held that such was their intention where the bill expresses a contrary one. The intention of the Legislature must control the interpretation of a statute, but that intention must be gathered from the language used; not from what they may have intended to say, but from what the act plainly expressed. It cannot be ruled that the Legislature

meant to relieve the taxpayer from taxes already accrued where the act only reduces the taxes for that part of the year "which shall not have expired at the date this act shall take effect."

---

Corpus Juris-Cyc. References: Constitutional Law, 12 C. J., Section 780, p. 1086, n. 53. Statutes, 36 Cyc., p. 942; n. 24 New; p. 1107, n. 30; p. 1196, n. 41. Taxation, 37 Cyc., p. 766, n. 97.

Appeal from Circuit Court of City of St. Louis.—*Hon. A. B. Frey*, Judge.

REVERSED AND REMANDED (*with directions*).

*Edward W. Foristel* and *Frank H. Haskins* for appellant.

(1) The rate of taxation for the year should be computed upon a basis of one and one-half per cent from January 1, 1921, to November 2, 1921, and at one-half per cent for the remainder of the year. Laws 1921 (1st Ex. Sess.) sec. 3, pp. 189-191. (2) The emergency clause to the act was unconstitutional, void and inoperative and the act did not take effect until November 2, 1921. Mo. Constitution, art. 4, secs. 36, 57; Fahey v. Hackmann, 237 S. W. 762; State ex rel. Westhues v. Sullivan, 283 Mo. 546. (3) The words "the date when this act shall take effect," used in the Act of 1921, have a well defined meaning and are technical words, having a peculiar and appropriate meaning in law and shall be understood according to their technical import. R. S. 1919, sec. 7058; item 1; State v. DeLay, 93 Mo. 102; Ex parte Bethurum, 66 Mo. 548. (4) Where there is no ambiguity in the meaning of the words used in a statute, their meaning cannot be changed to conform to a supposed intent of the legislators. State ex rel. v. Board of Education, 294 Mo. 106; St. L. & I. M. Ry. v. Clark, 53 Mo. 214; State ex rel. v. Corkins, 123 Mo. 56; State ex inf. Mytton v. Rackliffe, 164 Mo. 453; State ex rel. Atty. Gen. v. Gammon, 73 Mo. 421; Lackland v. Walker, 151 Mo. 210; Grier v. Ry., 286 Mo. 523; Slingluff v. Weaver, 66 Ohio St. 627; 2 Sutherland, Statutory Const. (2 Ed.) p. 701.

*Thos. O. Stokes* and *George B. Whissell* for respondent; *J. W. Jamison* and *Earl H. Painter* of counsel.

(1) The legislative intent governs statutory construction. State ex inf. Barrett v. Joyce, 307 Mo. 49. (2) The rate of taxation for the year 1921 was one and one-twelfth per cent. Laws 1921 (1st Ex. Sess.) secs. 34, Mo. 189-191. (3) Said Section 4 may be invalid as an "emergency clause," but it can and should be given effect as the means used by the Legislature in fixing the rate of taxation for the year 1921. Every part of a statute must, if possible, be given some

316 Mo.—64.

meaning and effect. R. S. 1919, secs. 13106, 13112; State ex rel. Marquette Hotel Co. v. State Tax Comm., 282 Mo. 213; Lincoln University v. Hackmann, 295 Mo. 118; State ex inf. Major v. Amick, 247 Mo. 271; Mitchell v. Railroad Co., 183 N. C. 162. (4) Although Section 4 may be invalid as an emergency clause under the decisions of this court, it can and should be considered as the best evidence of the Legislature's intention. State v. Bengsch, 170 Mo. 81; Sales v. Barber Asphalt Paving Co., 166 Mo. 671; Ruhland v. Waterman, 29 R. I. 365. (5) The doing of a vain, absurd and useless thing will not be imputed to the Legislature. Johnston v. Ragan, 265 Mo. 420; Ruhland v. Waterman, 29 R. I. 365. (6) Statutes imposing taxes are burdens placed by the State on its citizens, and are to be strictly construed against the State and in favor of the citizen. The citizen is exempt from taxation unless the language imposing the tax is clear and unequivocal. Miller v. Gearin, 258 Fed. 226; Benziger v. United States, 192 U. S. 38; Gould v. Gould, 245 U. S. 151; Edwards v. Wabash Ry. Co., 264 Fed. 617. (7) The amendment as construed by respondent can be given legal effect, and, as so construed, it is neither retroactive nor retrospective in the constitutional sense. Smith v. Dirckx, 283 Mo. 188; McManus v. Park, 287 Mo. 109. (8) The Legislature having by the unanimous vote on the emergency clause (Sec. 4, supra) fixed the time the amendment (Sec. 3, supra) was to go into effect at the date of its approval by the Governor (August 1, 1921), a court cannot by construction substitute a different time to correct defective legislation. State v. Roney, 82 Ohio St. 376. (9) A statute is never to be so construed as to prevent the very object of the Legislature in enacting it, but must be construed in the light of the end sought to be obtained. Missouri Granitoid Co. v. George, 150 Mo. App. 650; State ex rel. Tadlock v. Moneyham, 212 Mo. App. 573.

WHITE, J.—The plaintiff, Collector of the Revenue for the City of St. Louis, brought suit against the defendant to recover a balance claimed to be due on defendant's income tax for the year 1921. The case was tried on stipulated facts.

The defendant filed a return for state income taxes showing its net income for the year 1921 to be $1,392,977.73. The plaintiff collector presented to defendant a bill for income taxes for that year for $18,573.04. The defendant tendered in full payment of the bill $15,090.59. Then it was agreed that the defendant should pay the amount tendered without prejudice to either party, that it should not prevent the State from claiming the balance of the bill, nor prevent the defendant from resisting such claim. This suit is for that balance between the amount of the tax bill and the amount paid, $3,482.45.

The difference between the parties arises on the effect of the Act of 1921 amending Section 13112, Revised Statutes 1919, relating to income tax of corporations. That act reduced the income-tax rate from one and one-half per cent to one per cent. The dispute between the parties is as to when that reduction went into effect.

I. Whether a tax rate may be different for different parts of a year, instead of taking the year as a unit for taxation purposes, was settled by this court in case of Smith v. Dirckx, 283 Mo. 188.

The Legislature may provide for an income tax rate prevailing part of the year with a different rate for the other part of the year. The

**Effective Reduction Date.**

Act of 1921 (Extra Session Acts of 1921, pages 189 and 190) amended Section 13112, Revised Statutes 1919, so that it contains the following:

'*Corporations, joint stock companies, insurance companies, etc.—* That there shall be levied, assessed, collected and paid annually upon the total net income received in the calendar year 1919, and in each year thereafter, from all sources by every corporation . . . a tax of one and one-half per cent upon such income; . . . Provided, however, that the taxes collected under this chapter shall for the years 1922 and subsequent years be levied, assessed, collected and paid annually at the rate of one per cent: Provided, further, that for that part of the calendar year 1921 *which shall not have expired at the date this act shall take effect,* said taxes shall be levied, assessed and collected at the rate of one-half of one per cent.''

The act also contained an emergency clause as follows:

''The fact that until this act shall take effect income taxes must be levied, assessed and collected under the existing rates, which are excessive and continue an unreasonable burden on the taxpayer, creates an emergency within the meaning of the Constitution, and therefore, this act shall take effect and be in force from and after its passage and approval.''

It is claimed by the respondent that the reduction from one and one-half to one per cent begins from August 1, 1921, when the act was approved. Appellant claims that the reduction begins from the time the act went into effect November 2, 1921. The emergency clause could not have the effect of putting the act into effect from the time of its approval, because it was not one of those laws excepted from the operation of a referendum as provided in Article 4, Section 57, of the Constitution.

The amendment provides that for that part of the year 1921, ''which shall not have expired at the date this act shall take effect,'' the rate shall be one-half of one per cent instead of one per cent as provided for the future. Thus by the terms of the act after the year 1921 the rate should be one per cent of the income. During

the year 1921 the old rate of one and one-half per cent should be levied and collected until the act should take effect, and then to the end of the year the rate should be one half of one per cent. Thus the amendment provides for two rates at different periods after the act shall take effect. It is argued by the respondent that the *intention* of the Legislature was to relieve corporations of the one and one-half per cent tax as soon as possible, and that it should approximate as nearly as possible one per cent for the year 1921. That is, that the reduction for that part of the year should be sufficient to make the entire year equal to one per cent. The emergency clause could not have the effect to put the amendment in operation until ninety days after the adjournment of Legislature. The language of Section 36 of Article 4 of the Constitution is very definite. It provides that "no law passed by the General Assembly, etc. . . . *shall take effect or go into force until ninety days after the adjournment* of the session at which it was enacted, unless in case of an emergency," etc. Under the plain prohibition of the Constitution the Act of 1921 would not be effective *as a law* until November 2nd of that year. While it is true that the intention of the Legislature must control in the interpretation of a statute, that intention must be gathered from the language which they use in the act. [Grier v. Railway, 286 Mo. l. c. 534.] We must gather the intention from what they said, not from what they may have intended to say, just as we interpret a deed or other instrument. So without the emergency clause there could be no doubt of the effect of the language used. It reduces the rate for that part of the calendar year 1921 which shall not have expired at the date "*this act shall take effect,*" using almost exactly the language of the Constitution. The act could not take effect until ninety days after the adjournment of the Legislature.

II. It is argued, however, that while the emergency clause could not have an effect as an emergency clause, and the law could not become operative as a law from the date of its approval, nevertheless the emergency clause does perform an office by showing the intention of the Legislature to have the tax amount *approximately* one per cent for the entire year. Infact, the construction contended for by respondent would make it one and one-twelfth per cent during that year. Why should the Legislature desire to make the tax "approximately" one per cent when they could very easily have made it *exactly* one per cent by proper language in the body of the act. That is, instead of the circuitous method, seeking to have the emergency clause perform an office for which it was not intended, they could have accomplished their purpose directly.

*[margin note: Intention: Emergency Clause.]*

To attempt to give the act effect from the time of its approval is to make it retrospective contrary to Section 15, Article II, of the Constitution. That was distinctly held by this court in construing this income tax law in Smith v. Dirckx, 283 Mo. 1. c. 197 and 198. The law then had no force between the time of its passage and the time when it went into effect, November 2, 1921.

III.  But it is suggested that while the Legislature could not make the law retrospective in its operation and could not effect the rate of taxation prior to the time it went into force, yet it was within the power of the Legislature to relieve the taxpayers of a part of the burden of taxes already incurred. Probably the Legislature could do that. It could have embodied in the act a provision that the corporations under consideration should be relieved of a part of the tax for the year 1921, so that it might be reduced to exactly one per cent for the year. But the Legislature did not do that. There is no language anywhere in the act which shows such intention. They did not attempt to relieve the taxpayer concerned of any taxes which had accrued. They only attempted to effect the rate of taxation from the time the Act went into effect.

It is argued that the Legislature were supposed to know the law and knew that the Supreme Court had already held that an emergency clause in an act like this could have no effect and, therefore, knowing that the emergency clause could have no effect as such, they endeavored to make it perform another office by indirection. They sought to make it nullify the operative words of the act. We are not at liberty to go into subtle speculation regarding the legislative purpose in order to give the statute an effect which its language does not warrant. The interpretation contended for by the respondent would have us say that the Legislature by a roundabout, obscure and uncertain method attempted something which they would not attempt directly, to give the body of the act an entirely different effect from that which the language imports. That is, in order to absolve the Legislature from an inadvertance we are asked to charge them with an act of doubtful propriety.

The plain language of the act must be given effect as it reads, so that the amendment of 1921 went into effect November 2nd of that year, making the defendant liable as claimed by the appellant.

The judgment is reversed and the cause is remanded with directions to the trial court to enter judgment for the amount sued for, with interest thereon. All concur.