LILLIE HOLLOWELL, Appellant, v. SCHUYLER COUNTY.—18 S. W. (2d) 498.

Division Two, June 4, 1929.

*Higbee & Mills* for appellant.

1232

*H. M. Saxbury, Earl E. Fogle* and *Rolston & Rolston* for respondent.

WHITE, J.—The plaintiff, as Superintendent of Schools of Schuyler County, July 6, 1925, presented to the county court of that county a claim for salary. At the school election in April, 1919, she was elected for a term of four years, and during that term received $87.50 per month. She claims that she was entitled to $125 per month, under Section 11352, Revised Statutes 1919. This suit is for the balance claimed to be due her for each month, the total, with interest, amounting to $1,313.41. The claim was rejected by the county court and she appealed to the circuit court where, October 10, 1925, judgment was rendered in favor of the defendant. From that judgment she appealed.

A stipulation signed by the parties was filed in the circuit court showing that each month during her term she had presented an account for her salary at $87.50 per month, and other facts of which we take judicial notice; that Section 11352, Revised Statutes 1919, was a part of the act approved March 28, 1919, by the General Assembly which adjourned May 8, 1919; that the vote of Schuyler County for 1920 was 3636; that the decennial census of the United States for 1910 shows a population for Schuyler County of 9062, and the decennial census of the United States for 1920 shows a population of 8383.

I. Under Section 11354, Revised Statutes 1919, the population of the county for the purpose of determining the salary of County Superintendent of Schools should be ascertained by  multiplying by five the vote cast at the last presidential election. The vote of 1920, 3636, multiplied by five would give a population of 18180, and under Section 11352, appellant claims she was entitled to receive $1500 per annum.

She was elected at the school election in April, 1919. Section 11352 was enacted by the General Assembly, and approved March 28, 1919, and in the usual course would not go into effect until ninety days after adjournment, which occurred May 8, 1919, therefore it was not in effect when appellant took office unless the emergency clause attached to the act was effective. [Laws 1919, p. 694-5.]

This matter was considered at length by this court in the case of State ex rel. Harvey v. Linville, 300 S. W. 1066, 1. c. 1068, where it was held that the emergency clause of that act, Section 4, was contrary to Section 36, Article IV, of the Constitution, and was not included in the exception to the operation of the referendum clause in Section 57, Article IV, of the Constitution. The Act of 1919 was subject to the referendum and therefore did not go into effect until ninety days after the adjournment of the General Assembly of that year. The provision of Section 11352, fixing the salary according to

1234

population ascertained by the method provided in Section 11354 could not apply to the appellant.

II.   When the case reached the circuit court on appeal the defendant county filed an answer and alleged among other things that the emergency clause in the Act of 1919 was contrary  to the provisions of the Constitution, Section 36, Article IV. Appellant therefore contends that the constitutional question was not therefore presented at the earliest possible moment in that it was not presented when the matter was before the county court.   Appellant cites in support of that proposition State ex rel. v. McQuillin, J., 246 Mo. 586, and In re Estate of Strom, 213 Mo. 1, l. c. 7, and quotes extensively from the latter case.   That case went on appeal from a judgment of the probate court to the circuit court, and in the circuit court two constitutional questions were raised which were not presented in the probate court.   This court said (l. c. 7): "It is obvious that the two constitutional questions imported into the case presented entirely new issues in the circuit court, issues which the probate court was not allowed to pass on, and this change of the cause of action, so to speak, was unauthorized."

The court also made this general observation (l. c. 7): "It is elemental in this State that on appeal from the probate court or a justice of the peace, the circuit court must try the case anew upon the same cause of action that was tried in the probate court or in the justice's court."

That, we take it, applies to an appeal from a county court.   Now, in accordance with that principle the circuit court could not in an appeal from the justice's court try an issue involving the title to real estate because a justice of the peace had no jurisdiction to try such issue.   But there is nothing in the statute, nor in the Constitution, which prohibits a justice of the peace or a probate court or a county court from considering and determining a constitutional question. When appeal is taken from a judgment of the county court, under Section 2584, it shall be prosecuted to the appellate court in the same manner as now provided by law for appeals from justices of the peace to the circuit court, "and such appellate court shall be possessed of the cause and shall proceed to hear and determine the same *anew*."   There is nothing to prohibit the county court from determining a constitutional question, if such question arises in a matter over which it otherwise has jurisdiction.

III.   But it is insisted that the constitutional question was not raised when the account was presented and passed upon in the coun-

ty court. No particular pleading is required in the county court. From the stipulation all that appears is the statement filed by the plaintiff in the county court making demand as above mentioned for the balance due her. The record recites that the case was tried in the county court and the claim disallowed. We have no means of knowing whether or not the constitutional question was presented in that court. It could have appeared in the argument or in the defense advanced, but those are not preserved in the record. The question was necessarily in the case on the very face of the plaintiff's claim; she depended upon the applicability of Section 11352. That section must have been in force and effect when she was elected and qualified in order that she might have a legal basis for her claim. In denying that claim and her right to extra compensation the county court necessarily challenged the applicability of that section, and therefore the constitutionality of the emergency clause attached to it when it was enacted.

The county court is a court of record. We must presume that the judges of that court performed their duty in accordance with law. They could not have rejected the claim without holding that emergency clause unconstitutional. Therefore we must presume that they did hold it unconstitutional in the absence of any record showing to the contrary. A judgment is presumed to be regular and in support of its validity the court which rendered it must be presumed to have found every fact and correctly reached every conclusion of law necessary to its validity. Therefore the constitutional question was then in the case.

IV. It is further claimed by the appellant that the Superintendent of Schools is not a county officer within the purview of Article XIV of the Constitution, and therefore the constitutionality of the emergency clause is immaterial. We are unable to understand how that could affect the situation, since the sections upon which appellant depends, 11352 and 11354, apply to superintendents of schools. The Superintendent of Schools is a county officer, though not specially mentioned in the Constitution. Article IX, Section 14, of the Constitution provides that the "General Assembly shall provide for the election or appointment of such other county, township and municipal officers as public convenience may require."

By Section 11343, Revised Statutes 1919, the Legislature created the office of Superintendent of Schools in each and every county in the State and in succeeding sections prescribed the duties of such office. Therefore, it is a county office, created by the Legislature under the authority of the Constitution.

The judgment is affirmed. All concur.