STATE OF MISSOURI at the Relation of B. F. WALTHER, Relator, v. LOUIS G. JOHNSON, RAYMOND LABROT, and CHARLES LENZ, as Judges of the County Court within and for St. Francois County.— No. 38419.—173 S. W. (2d) 411.

Court en Banc, June 3, 1943.

Rehearing Denied, July 6, 1943.

*J. O. Swink* and *Matthes & Weier* for relator.

*W. E. Coffer,* Prosecuting Attorney, and *C. I. Hoy,* Assistant Prosecuting Attorney, for respondents.

CLARK, J.—Relator filed his petition in this court praying for a writ of mandamus to compel respondents, as judges of the county court of St. Francois County, to reinstate relator to the office of county highway engineer, and to pay him a salary at the rate of $125.00 per month from and after January 1, 1943. Our alternative writ was issued, respondents made return, and relator filed motion for judgment on the pleadings.

From the allegations and admissions of the return, the material facts are as follows: At the general election in November, 1940, relator was elected to the office of county surveyor of said county and duly qualified and assumed said office on January 1, 1941; at all times herein St. Francois county had and has a population of more than 20,000 and less than 50,000 inhabitants; the last proviso of Section 8660, Revised Statutes Missouri 1939 [Mo. R. S. A., vol. 19, p. 188] provides that in counties with such population the county surveyor shall be ex officio county highway engineer and as such be paid a salary of not less than $1200.00 nor more than $2,000.00 per annum; relator acted as county highway engineer and, as such, received a salary of $125.00 per month from January 1, 1941, to January, 1943; respondents were duly elected as judges of the county court at the general election in 1942 and assumed office on or about January 1, 1943; on January 4, 1943, respondents, acting as a county court, made an order reciting that the last proviso to said Section 8660 is unconstitutional and void; that relator has failed, neglected and refused to perform his duties as county highway engineer, in certain specified particulars, and ordering him discharged from that office; since the last mentioned date respondents have refused to permit relator to perform the duties of such office and have refused to pay him any salary as county highway engineer; relator was represented by counsel who made an argument and filed a brief in said county court in opposition to the making of such order.

Although the parties, in their briefs, have divided their points into a number of sections and subsections, the discussion for the most part revolves around but two main legal questions, to wit: (1) is the last proviso to section 8660 unconstitutional? (2) is mandamus a proper remedy in this kind of case?

The following sections of our statutes relate to the office of county highway engineer; Sections 8655 to 8672, both inclusive, Revised Statutes Missouri 1939. [Mo. R. S. A., vol. 19, pp. 185 to 195.] Section 8655 creates the office and authorizes the county court to appoint the officer and fix the term and compensation. Section 8658 prescribes the qualifications of the officer and authorizes the county court to remove him for dereliction of duty. The sections just mentioned and other sections not material here are broad enough to apply to every county in the state. Section 8660 is a long one containing provisions relating to the office generally, and with several provisos

referring to the office in counties of specified classes. The last proviso, and the one material to the instant case, was enacted in 1939 and reads as follows:

"Provided further, after January 1, 1941, that in all counties in the state which contain, or which may hereafter contain not less than twenty thousand inhabitants or more than fifty thousand inhabitants the county surveyor shall be ex officio county highway engineer, and his salary as county highway engineer shall not be less than twelve hundred dollars per annum, nor more than two thousand dollars per annum as shall be determined by the County Court."

Respondents argue that this proviso is a legislative attempt to reduce the powers of the county court as granted by Section 36 of Article VI of the State Constitution which, in part, reads as follows; "In each county there shall be a county court, which shall be a court of record, and shall have jurisdiction to transact all county and such other business as may be prescribed by law."

On this point respondents cite a number of cases. In State ex rel. Buckner v. McElroy, 309 Mo. 595, 274 S. W. 743, this court considered a statute creating a Board of Paroles in certain classified counties. We discussed the constitutional jurisdiction of the county court as conferred by [413] said Section 36 of Article VI, and held that the statute, insofar as it attempted to deprive the county court of the management of county institutions, such as the jail, detention home, etc., was invalid, but was valid in other respects. Hollowell v. Schuyler County, 322 Mo. 1230, 18 S. W. (2d) 498, merely holds that a constitutional question may be raised in the county court. No constitutional question was involved in Rinehart v. Howell County, 348 Mo. 421, 153 S. W. (2d) 381. Other cases cited by respondents do not consider or discuss the constitutional provision now under consideration.

In State ex rel. v. Corneli, 347 Mo. 1164, 152 S. W. (2d) 83, this court, in discussing the constitutional powers of the county court, said: "We concede that the county court is created as a court of record and its jurisdiction partially fixed by the Constitution. Section 36 of Article VI of the Missouri Constitution vests such court with 'jurisdiction to transact all county and such other business as may be prescribed by law.' But the authorities are uniform to the effect that county courts possess only limited jurisdiction. Outside the management of the fiscal affairs of the county, such courts possess no powers except those conferred by statute." [Citing authorities.]

The power asserted by the county court in the Corneli case was not the same as that asserted by the county court in the instant case, but we think the applicable principles of law are the same. The grant of power "to transact all county business" does not give the county court unlimited power to appoint or remove the elective officers of the county or to abolish their offices. The duties of the county clerk

pertain to the transaction of county business, but surely no one will claim that the county court has the constitutional power to appoint or remove a county clerk or to abolish his office. Perhaps we have expended too much time and space in construing the powers of the county court under Section 36 of Article VI, for other sections of our constitution, not cited by the parties, conclusively settle the question so far as this case is concerned. Sections 12 and 14 of Article IX delegate to the general assembly the power to provide for *all* county officers, to prescribe the duties and fix the compensation and, for such purpose, to classify the counties by population.

Respondents, without expressly pointing to any particular section of the constitution, have cited cases construing other constitutional provisions prohibiting the passage of special or local laws. It is unnecessary to review those cases. None of them discuss the specific question here involved, which question we think is definitely settled by the case of State ex inf. v. Southern, 265 Mo. 275, 177 S. W. 640. That case was a combination of two original proceedings in this court. One was certiorari sued out by one Southern against the county court of Jackson County; the other was quo warranto by the Attorney General against Southern and one Sheley. The controversy was as to which of the two men was rightfully entitled to the office of county highway engineer of Jackson County. One Proctor had been elected to the office of county surveyor and died before the expiration of his term. The Governor appointed Southern as surveyor and, by virtue of such appointment, Southern claimed to be ex officio county highway engineer. The county court made an order reciting that a vacancy existed in the office of county highway engineer and purporting to appoint Sheley to that office. The case involved a construction of two statutes: Sections 10551 and 10556, Revised Statutes Missouri 1909, now Sections 8655 and 8660, Revised Statutes Missouri 1939. The first section, then as now, creates the office of county highway engineer and authorizes the county court to appoint, the language being broad enough to include every county in the state. The other section, then as now, authorizes the county court, in its discretion, to appoint the county surveyor as highway engineer and among other provisions contains the following proviso: "Provided, however, that in all counties in this state which contain or which may hereafter contain more than fifty thousand inhabitants, and whose taxable wealth exceeds or may hereafter exceed the sum of forty-five million dollars, and which adjoin or contain therein, or may hereafter adjoin or contain therein, a city of more than one hundred thousand inhabitants by the last decennial census, the county surveyor shall be ex officio county highway engineer . . . ." It was conceded that if said proviso was valid Jackson county came within its terms. Southern claimed, under the proviso, to be ex officio highway engineer by virtue of his appointment as county surveyor;

Sheley and the [414] county court contended that the proviso conflicts with Section 53 of Article IV of the State Constitution, relating to the enactment of special or local laws. After an extensive review of the authorities we held: that the classification contained in the proviso was reasonable and in harmony with the constitution; and that in counties of the class in which Jackson county belongs the county surveyor is ex officio highway engineer and the two offices cannot be separated by the county court. So far as classification and constitutionality are concerned we see no distinction between the proviso considered in that case and the proviso now under consideration in the instant case. Indeed, from the standpoint of more general application, the last proviso is more reasonable than the other. Every objection made to the validity of the proviso in the instant case was made to, and overruled by, this court in considering the proviso in the Southern case. It is unnecessary to re-state our reasons which were fully stated in that case.

We hold that the last proviso to Section 8660 is constitutional and valid, that in counties of the class to which St. Francois county belongs the county surveyor is ex officio county highway engineer and the county court is without power to separate the two offices or to abolish either of them. Under the proviso the county court does have discretion to fix the annual salary of the county highway engineer at from $1200.00 to $2,000.00. As that discretion was not expressly exercised in this case, relator is entitled to the minimum salary. [State ex rel. v. Bulger, 289 Mo. 441, 233 S. W. 486.]

■ Respondents argue that, under Section 8658, the county court had jurisdiction to remove relator for dereliction of duty. What we have already said disposes of that contention. Section 8658 has no application to counties wherein the county surveyor is made ex officio highway engineer. In such counties the county court has no jurisdiction to remove the highway engineer for any cause. The jurisdiction for that purpose is lodged in the circuit court by Article 3 of Chapter 83, Revised Statutes Missouri 1939. [Mo. R. S. A., vol. 24, pp. 7 to 16.] Even then the proceeding would be against the officer, not as "county highway engineer," but as "county surveyor and ex officio county highway engineer."

■ Respondents argue that mandamus is not a proper remedy in this case, and that relator should have proceeded by writ of certiorari, citing State ex inf. v. Morehead, 256 Mo. 683, 165 S. W. 746. That case was a proceeding in this court by certiorari to review the record of a county court which ordered the removal of a member of the county highway board. This court held the jurisdiction to remove such an officer was in the circuit court; that the county court was without jurisdiction and that certiorari was a proper remedy to review the record. However, that case does not hold that in similar cases certiorari is the *only* remedy. In the instant case relator's prayer

for relief is of a two-fold nature. He seeks to revoke or quash the order of the county court purporting to abolish his office and also to compel the county court to pay him his salary. Certiorari would bring up the record of the county court, but in such a proceeding we could only quash or sustain the county court's order as to the abolishment of the office. Mandamus will enable us to furnish complete relief by compelling the county court to not only restore relator to his office, but to pay him his salary. Under the circumstances here certiorari would be inadequate and, the county court being without discretion either as to the existence of the office or the payment of the salary, mandamus is a proper remedy. We do not mean to say that under all circumstances mandamus would be an improper remedy even in the absence of any question of salary, but the presence of that question makes it clearer that certiorari would be inadequate. In these views we are sustained by precedent. In State ex rel. v. Miles, 210 Mo. 127, 109 S. W. 595, this court, in banc, held that mandamus is an appropriate remedy to restore a person to membership on a party committee. There the question was not between mandamus and certiorari, but it was contended that quo warranto was the only proper remedy. The opinion [210 Mo. l. c. 165, 172] contains a lengthy discussion of the writ of mandamus, reviewing many cases and textbooks, and holds that this kind of case is not a proceeding to try the title to an office; that in a proceeding between a claimant to an office and another who is in possession of the office under color of right, mandamus would not be a proper remedy. The opinion further holds that, as the political [415] committee had no power to oust the relator, its attempt to appoint a successor was a mere nullity; that there was no vacancy, no contest against an incumbent with color of right, and mandamus was proper. In the instant case the propriety of mandamus is still more certain for here there is no contest against a claimant to the same office, whether under color of right or otherwise. Relator is the sole claimant and the existence of the office rather than the title to it is the question to be decided. Again in the banc case of State ex rel. Stomp v. Kansas City, 313 Mo. 352, 281 S. W. 426, we held that mandamus was the proper remedy to test relator's right to the position and salary of firemen. [See also Houts' Missouri Pleading & Practice, vol. 4, sec. 1126, p. 340.] A case squarely in point on this question is Perkins v. Burks, 336 Mo. 248, 78 S. W. (2d) 845. There we reviewed the authorities and held that, where the salary of a public officer is fixed as to amount by law, mandamus is proper to determine the legal question as to whether the officer is entitled to receive the salary, even though other remedies may exist.

Respondents, citing State ex inf. v. Southern, supra, contend that the last proviso to Section 8660 is invalid because inconsistent with the first part of the same section and with Section 8655, which give the county court discretion as to the appointment of a highway

engineer. The Southern case is authority against this contention of respondents, for it holds valid another proviso which is also inconsistent with the same section and part of a section mentioned by respondents. The usual purpose of a proviso to a statute is to introduce an exception to the preceding portion of the statute.

Respondents argue that, from the standpoint of economy in the management of county business, the county court should have power to determine the necessity for a highway engineer. That is a matter of policy within the province of the general assembly.

We hold that the alternative writ of mandamus heretofore issued herein should be and is hereby made absolute, to the effect that relator be restored to his office and be paid a salary as provided by said Section 8660, Revised Statutes Missouri 1939. All concur, except *Gantt, J.,* absent.