INTER-CITY FIRE PROTECTION DISTRICT OF JACKSON COUNTY, MISSOURI, a Corporation, Appellant, v. HARRY M. GAMBREL, WILLIAM J. RANDALL and FRED W. KLABER, Judges of the County Court of Jackson County, Missouri, BEN NORDBERG, County Clerk of Jackson County, Missouri, COUNTY COURT HOUSE, Kansas City, Missouri, and CITY OF INDEPENDENCE, a Municipal Corporation, Respondents, No. 41907—231 S. W. (2d) 193.

Court en Banc, June 13, 1950.

Rehearing Denied, July 10, 1950.

*Henry A. Riederer* and *Walter A. Raymond,* for appellant.

926

*Hilary A. Bush* and *J. Marcus Kirtley* for respondents Harry M. Gambrel, Fred W. Klaber, William J. Randall and Ben Nordberg, and *John F. Thice* for respondent City of Independence.

DALTON, J.—Action for a declaratory judgment under Secs. 1126 to 1140 R. S. 1939 to determine the validity of House Bill 7 passed by the Sixty-fifth General Assembly and signed by the Governor on June 2, 1949. The trial court declared the act valid and plaintiff has appealed.

Plaintiff is a fire district duly incorporated by decree of the circuit court of Jackson County on August 11, 1944, pursuant to Laws 1943, p. 852, Secs. 1 to 16. On February 2, 1948, about one half of the geographical territory and more than half of the taxable tangible

property of the plaintiff fire district was annexed to the city of Independence after a special election was held in January 1948. Thereafter, on February 14, 1949, the Board of Directors of plaintiff fire district fixed the rate of levy for revenue for said district at 25 cents on the $100 assessed valuation on all tangible property within the district (Laws 1947, Vol. 1, p. 432, Sec. 25, Mo. R. S. A. Sec. 13,927.81) and said board on February 19, 1949 duly notified the county court of Jackson county of said rate of levy so fixed by the board and directed the court to levy such tax on behalf of the plaintiff district as provided by law. Laws 1947, Vol. 1, p. 432, Sec. 26, Mo. R. S. A. Sec. 13,927.82. On August 8, 1949, the said county court made an order extending the taxes for said fire district on the tax books of the county for that part of plaintiff district not included within the corporate limits of the city of Independence, but it failed and refused to extend said taxes on the property in plaintiff district which had been annexed to and incorporated into the city of Independence. In so refusing to extend the taxes on property within the corporate limits of the city of Independence, the county court acted in reliance upon House Bill 7, supra.

Plaintiff instituted this action on September 30, 1949 and seeks a declaratory judgment to the effect (1) that said statute (House Bill 7, supra) "is void, unconstitutional, not in force, and ineffective to deprive plaintiff of the right to levy and collect taxes in that part of its territory now annexed to the city of Independence"; (2) that "the County Court and County Clerk of Jackson County, Missouri, are without any legal right or authority to refuse to extend the taxes for plaintiff, when properly certified, to include the taxable tangible property in that part of plaintiff's district now annexed to the city of Independence"; ▮▮▮▮ and (3) that "plaintiff is entitled to have said County Court and County Clerk extend its taxes for the entire year 1949, and any subsequent years so long as the law is not changed to include the taxable tangible property in that part of plaintiff's district now annexed and included within the city of Independence."

Plaintiff offered evidence showing the manner in which plaintiff has functioned as a fire protection district before and after approximately 50% of its territory was annexed to said city, its financial condition before and after said annexation and other surrounding facts and circumstances. Defendants also offered certain evidence. It will not be necessary to review this evidence. The cause turns upon the validity or invalidity of said statute, House Bill 7, supra, and, if valid, its effective date.

As indicated, supra, the trial court held that House Bill 7 was valid, constitutional and binding on plaintiff and that by its terms and provisions the defendant Judges of the County Court of Jackson County, Missouri, were "not authorized to extend plaintiff's taxes

for the year 1949 and for any subsequent years to include the tangible taxable property in that part of plaintiff's district now annexed and included within the city of Independence.''

The title of the act in question is as follows: ''An Act to amend an Act of the Sixty-fourth General Assembly, approved June 3, 1947, found in Laws of Missouri, 1947, Volume 1, Pages 432 to 451 inclusive, providing for the organization and operation of fire protection districts in counties of class one and defining the purposes and powers thereof, by adding a new section to be designated as Section 32a and to follow Section 32, relating to the exclusion of property from fire protection districts in counties of class one now or hereafter having a population of 450,000 inhabitants or more, with an emergency clause.'' The new section and the emergency clause provide:

''Section 32a. If any property, located within the boundaries of a fire protection district in a county of the first class now or hereafter having a population of 450,000 inhabitants or more, is now or hereafter included with a city not wholly within such district, such property is excluded from the district.

''Section 2. Since there exists a necessity for determining the status of property, for purposes of taxation and otherwise, in fire protection districts in counties of class one now or hereafter having a population of 450,000 inhabitants or more and in cities within such counties, this Act is necessary for the immediate preservation of the public peace, health and safety. An emergency, therefore, exists within the meaning of the constitution and this Act shall be effective from and after the date of its passage and approval.''

■ ■ Appellants assign some six reasons for the invalidity of this statute. It is first contended that it ''is a special or local law regulating the affairs of counties in violation of Article III, Sec. 40, paragraphs 21 and 30'' of the Constitution of 1945, which provide: ''The general assembly shall not pass any local or special law: * * *. (21) regulating the affairs of counties * * * (30) where a general law can be made applicable, and whether a general law could have been made applicable is a judicial question to be judicially determined without regard to any legislative assertion on the subject.''. It is further contended that ''House Bill 7 so far as it attempts to limit its application to 'counties of Class One now or hereafter having a population of 450,000 inhabitants or more' is unconstitutional and void as an attempt to create an additional class of counties in violation of Article VI, Section 8, Missouri Constitution, 1945, limiting the power of the General Assembly to the creation of four classes of counties.'' Appellant further says that the act is not applicable to all class one counties as St. Louis County, a class one county, is excluded. In support of these assignments appellant relies particularly upon State ex inf. Mytton v. Borden et al., 164 Mo. 221,

64 S. W. 172, 175 and State ex inf. Taylor v. Kiburz, 357 Mo. 309, 208 S. W. (2d) 285, 287.

In the Borden case the statute under consideration in effect created an additional ▮▮▮ class of cities to which it was applicable, contrary to constitutional provisions which limited the power of the Legislature to the creation of four classes (164 Mo. 172, 236).

In the Kiburz case (208 S. W. (2d) 285, 287) the court said: "§ 8, Art. VI of the 1945 Constitution introduced into the organic law a new requirement with respect to *legislation governing the structure of county government,* and so necessitated a general overhauling of the whole body of statute law concerning that subject, for absent classification of counties (and none existed theretofore within the meaning of this constitutional provision), there could be no valid *legislation governing their organization and powers,* subsequent to July 1, 1946. In obedience to this constitutional mandate, the 63rd General Assembly enacted Committee Substitute for House Bill 476, effective December 5, 1945, because of an emergency clause, which classified all of the counties of the state into four classes, basing the same on assessed valuation, and declaring such classification to be 'the foundation upon which the whole structure of county government and laws relating thereto rests.' Laws 1945, p. 1801, Mo. R. S. A. § 13699.1 et seq." (Italics ours). The Kiburz case was an original proceeding in this court to determine title to the office of highway engineer of St. Louis County. A county matter was directly involved.

Other cases relied upon include Rose v. Smiley (Mo. Sup.), 296 S. W. 815, which was in effect overruled in State ex rel. Fire Dist. of Lemay v. Smith, 353 Mo. 807, 184 S. W. (2d) 593, 595 and Reals v. Courson, 349 Mo. 1193, 164 S. W. (2d) 306 and State ex inf. Mueller v. Fry et al., 300 Mo. 541, 254 S. W. 1084, which are not applicable here, since the statutes there considered were not even potentially applicable to more than one county. In City of Springfield v. Smith, 322 Mo. 1129, 19 S. W. (2d) 1, a city ordinance including less than all who were similarly situated was held invalid as a "special law." These cases are not controlling here.

Section 8 of Art. VI, supra, provides: "Provision shall be made by general laws for the organization and classification of counties except as provided in this Constitution. The number of classes shall not exceed four, and the organization and powers of each class shall be defined by general laws so that all counties within the same class shall possess the same powers and be subject to the same restrictions. A law applicable to any county shall apply to all counties in the class to which such county belongs."

Appellant insists that House Bill 7 involves "county government"; that the board of a fire protection district is organized under the direction of the circuit court of the county; that the "county

government'' levies and collects the taxes certified by the district; that the directors and the treasurer of the plaintiff district are required to file bonds with the circuit clerk; and that the treasurer of the district is further required each year to file with the county clerk a detailed financial statement. These matters are not decisive. Somewhat the same situation exists with reference to school, levee and drainage districts, which are not considered a part of the structure of county government. See, State ex rel. Reorganized School District No. 4 of Jackson County, Mo. v. Holmes, # 41955, 360 Mo. 904, 231 S. W. (2d) 185.

We think it apparent on the face of House Bill 7, supra, that it does not deal with ''the organization and powers'' of counties. State ex rel. Webster Groves Sanitary Sewer Dist. v. Smith, 337 Mo. 855, 87 S. W. (2d) 147, 152. Nor does it deal with a ''law applicable to any county.'' It deals with a different type of political subdivision to wit, a type of municipal corporation duly organized and existing under a general law providing for its incorporation by decree of the circuit court. Laws 1943, p. 852; Laws 1947, Vol. 1, p. 432. And see, Art. X Sec. 15 Constitution of Missouri, 1945. The act in question provides for an amendment of the existing statutes governing such political subdivisions by the addition of a new section with reference to the exclusion of property from such municipal ▮ corporation (fire protection districts). The fire protection districts to which the amendment applies is a particular class, to wit, ''fire protection districts in counties of class one now or hereafter having a population of 450,000 inhabitants or more.'' We hold that the statute (House Bill 7) is not unconstitutional as ''an attempt to create an additional class of counties in violation of Art. VI, Sec. 8 of the Constitution of 1945, nor is it a statute ''regulating the affairs of counties'' within the meaning of paragraph 21 of Sec. 40, Art. III of the Constitution of 1945.

▮ Nor do we find it to be a local or special law where a general law could be made applicable. It is not limited to any particular fire protection district but applies to all fire protection districts within counties of the classification mentioned, to wit, class one counties now or hereafter having a population of 450,000 inhabitants or more. Other such political subdivisions may come within the class now or in the future. State ex rel. Webster Groves Sanitary Sewer Dist. v. Smith, supra; State ex rel. Carpenter v. St. Louis, 318 Mo. 870, 2 S. W. (2d) 713, 718.

In this case the classification is not based upon a single factor, assessed valuation (class one counties, Laws 1945, p. 1801, Mo. R. S. A. Sec. 13699.1), but also upon population. The applicable tests for determining whether a statute is ''special'' or ''general'' are fully reviewed in Reals v. Courson, supra, and State ex rel. Fire Dist. of Lemay v. Smith, supra. In the latter case this court said: ''The

question of classification is primarily for the Legislature. If there is any reasonable basis for the classification made the court must sustain it. * * * Population furnishes a proper basis for classification in a general law regulating counties which fall within the class when such classification is reasonable and germane to the purpose of the law. * * * Classification on the basis of population is proper here because population is germane to the purpose of the act, fire protection, in view of the greater likelihood of the spread of fire with the resulting increase in danger and loss in thickly populated areas. * * * St. Louis County is the only county now within the population bracket stated in the act. Such fact alone does not make the act a special law for the reason the act will also apply to other counties which will attain the same population in the future. Where an act is potentially applicable to other counties which may come into the same class it is not a local law." (184 S. W. (2d) 593, 595).

The act under consideration is an amendment of an existing law. It provides for the exclusion of territory from such a fire protection district, when such territory is taken into a city. It may reasonably be assumed that equal or greater fire protection will be provided where such property is so taken into a city. The classification in this case of fire prevention districts to which the statutes (House Bill·7) should apply, to wit, those in class one counties now or hereafter having a population of 450,000 inhabitants or more, was, we believe, a reasonable one. Roberts v. Benson, 346 Mo. 676, 142 S. W. (2d) 1058, 1060; State ex rel. Fire Dist. of Lemay v. Smith, supra.

█ Appellant further contends that House Bill 7, supra, does not clearly express in its title the subject of said bill and that the "act is unconstitutional and void as being in violation of Art. III, Sec. 23, Mo. Const., 1945, providing that 'no bill shall contain more than one subject which shall be clearly expressed in its title, * * *.' "

Appellant insists that "the title of this bill mentions only 'the exclusion of property from fire protection districts' and makes no reference whatever to the condition of such exclusion that such property be 'included within a city not wholly within such district.' " Appellant further insists that "House Bill 7 deals also with the extension of city limits"; that "the title of this act does not fairly give notice that it deals with the extension of city limits and the transfer of jurisdictions from fire districts to city governments." In effect it is contended that the bill covers several matters, only one of which is mentioned in the title.

█ Article III, Sec. 23 of the Constitution of 1945 is substantially the same as Sec. 28, Art. IV. of the Const. of 1875, which has often been considered by this court. It has been given a broad and liberal construction. This court has held that "the intent and purpose of the framers of this constitutional provision was to limit the subject matter of a bill to one general subject and to· afford

reasonably definite information to the members of the legislature and the people as to the subject matter dealt with by a bill.'' Graff v. Priest, 356 Mo. 401, 201 S. W. (2d) 945, 952. Also see Edwards v. Business Men's Assur. Co., 350 Mo. 666, 168 S. W. (2d) 82, 92.

We think that House Bill 7, supra, deals with only one matter, to wit, the matter of exclusion of property from fire protection districts and that the title of this bill adequately complies with the constitutional provision in question and gives reasonable notice of the subject matter contained therein. Further, House Bill 7, supra, was an amendatory act in that it added an additional section to a prior act. It is well settled that in such case it need merely properly refer to the statute or act to be amended, where both deal with the same general subject, as here. In such case the title of the 1947 act continued to be the title of the act making the amendment, and the constitutionality of the latter (House Bill 7, supra) is to be adjudged by the former. State ex rel. McMonigle v. Spears, 358 Mo. 23, 213 S. W. (2d) 210, 213; State ex rel. J. E. Taylor v. Wade, # 41795, 360 Mo. 895, 231 S. W. (2d) 179. The amendment by the addition of this new section to be known as Sec. 32a did not introduce any alien or unrelated matter in adding a provision relating to the exclusion of property from certain fire protection districts under the circumstances stated therein. We must and do hold that House Bill 7, supra, did not violate the provisions of Art. III, Sec. 23 of the Const. of Mo. of 1945.

Appellant further contends that the emergency clause in House Bill 7, supra, does not state a condition to which the emergency provision of the constitution (Art. III, Secs. 29 and 52) could apply. It is insisted that the territory involved was being served by two fire departments, that of appellant and that of the city of Independence (as appellant's evidence tended to show); and that no emergency situation existed. Appellant says the act was subject to the 90 day provision of the constitution and, since it was not in force on August 8, 1949, it afforded no valid reason for respondents' refusal to extend the taxes for appellant's benefit on the county tax books to cover that part of the territory of the appellant fire district which had been made a part of the city of Independence. Appellant further states that an act *reducing taxes* is not an emergency act within the meaning of the constitutional provision in question (State ex rel. Koeln v. Southwestern Bell Telephone Co., 316 Mo. 1008, 292 S. W. 1037, 1038); and that any act to which the referendum provisions (Art. III, Secs. 49 to 53) might apply could not be an emergency measure. State ex rel. Westhues v. Sullivan, 283 Mo. 546, 224 S. W. 327; State ex rel. Harvey v. Linville, 318 Mo. 698, 300 S. W. 1066, 1068; Hollowell v. Schuyler County, 322 Mo. 1230, 18 S. W. (2d) 498.

A mere declaration by a legislative body that an act which is passed is an emergency measure cannot make it so, but it is for a court in a judicial proceeding to determine whether the act is in fact an emergency measure within the meaning of the constitutional provisions. State ex rel. Pollock v. Becker, 289 Mo. 660, 233 S. W. 641, 645; State ex rel. Westhues v. Sullivan, supra; State ex rel. Asotsky v. Regan, 317 Mo. 1216, 298 S. W. 747, 748.

The emergency clause in question here (Sec. 2 of the Act) has been set out supra, and the question presented is whether it appears from the context of the act that the measure applies to a subject within the provisions of Art. III, Secs. 29 and 52 Const. of Missouri, that is, whether it is a law "necessary for the immediate preservation of the public peace, health or safety * * *." The issue is not one of fact as to any particular fire protection district. State ex rel. Boatmen's Nat. Bank of St. Louis v. Webster Groves Gen. Sewer Dist. ▮▮▮▮ No. 1 of St. Louis Co., 327 Mo. 594, 37 S. W. (2d) 905, 908; State ex rel. Pollock v. Becker, supra. The evidence tending to show that the particular territory in question was being served by two fire departments is not material on the issue of the validity of the emergency clause. Whether or not the act is one necessary for the immediate preservation of the public peace, health or safety is a judicial question.

The act went into effect at the same time as to every fire protection district which could come within its terms. If the emergency applied to one it applied to all. We hold that the exclusion of territory from such fire protection districts as were covered by the act, to wit, where such territory was "now or hereafter included within a city not wholly within such district" was not a matter necessary for the immediate preservation of the public peace, health or safety and, regardless of the emergency clause, the act was not effective from and after the date of its passage and approval. Under the provisions of Art. III, Sec. 29 of the Constitution of 1945 said act became effective on the 14th day of October, 1949. Senate Joint Concurrent Resolution No. 1, passed by the House of Representatives on July 1, 1949.

Appellant further contends that House Bill 7, as construed by respondents and the trial court, is unconstitutional and void as being retroactive in that it would operate to take annexed territory out of the district as of January 1, 1949, although the bill was not signed by the Governor until June 2, 1949, and it could not become operative prior to that time. Appellant also contends that "appellant's right to collect taxes from the annexed area for the calendar year, 1949, became fixed on January 1, 1949, and that right was not taken away or destroyed by House Bill 7 signed on June 2, 1949." These assignments are based upon the theory that the lien of taxes for the calendar year 1949 and appellant's right to collect taxes from the

annexed area for that year became fixed on January 1, 1949. The date mentioned (January 1, 1949) is not controlling. The rate of levy had not then been determined on that date, nor had the time arrived for the levy and extension of the taxes for said fire protection district. See Long v. City of Independence, # 41667, 360 Mo. 620, 229 S. W. (2d) 686. In view of the conclusions we have reached, supra, concerning the invalidity of the emergency clause, we need not consider these assignments further.

Since it appears that the act in question did not go into effect until October 14, 1949; it follows that the respondent Judges of the County Court of Jackson County were on August 8, 1949 without any legal right or authority to refuse to extend the 1949 taxes for appellant to include the taxable tangible property in that part of appellant's district which had been annexed to the city of Independence. Appellant has the right to have said taxes so extended for said year. The judgment entered below is, accordingly, to that extent modified and, as modified, the judgment is affirmed.

It is so ordered. All concur.