JAMES D. ROBERTS and BESSIE LEE ROBERTS, His Wife, Appellants, v. WILLIS W. BENSON, Collector of the Revenue within and for ST. LOUIS COUNTY; ARTHUR U. SIMMONS, and THE GUARANTY LAND TITLE COMPANY, a Corporation.—142 S. W. (2d) 1058.

Court en Banc, September 3, 1940.

*John Q. Brown* for appellants.

*Arthur U. Simmons* for respondents.

DOUGLAS, J.—In 1933 certain provisions of the statutes pertaining to the collection of delinquent taxes (Art. IX, Chap. 59, R. S. 1929) were amended by an act called the Jones-Munger Law. [Laws 1933, p. 425, Ann. Stat., sec. 9945 et seq., p. 7988 et seq.] The effect of this law was to provide for the enforcement of liens for delinquent taxes merely by sale by the county collector who gave a certificate of purchase rather than by suit in court and sale upon execution after judgment.

Then in 1939 the Jones-Munger Law was amended by an act known as House Bill 677 (Laws 1939, p. 878, Ann. Stat., sec. 9952A-1 et seq., p. 7995). This act provides that in cities (not in a county) and in counties which now or may hereafter have in excess of 700,000 inhabitants and in counties which now or may hereafter have not less than 200,000 and not more than 400,000 inhabitants the lien for delinquent taxes should again be enforced by suit. By such classification this act at the present time applies only to the City and County of St. Louis. The act also provides for attorney's and abstracter's fees and for costs.

This is an action under the declaratory judgment law to determine the constitutionality of this act (House Bill 677). Such issue vests jurisdiction in this court. The plaintiffs are two taxpayers, delinquent in state and county taxes, who own property in St. Louis County. The defendants are the collector of revenue, the attorney for the collector, and a title company employed as abstracter. Defendants filed a demurrer which was sustained. Plaintiffs refused to plead further and have appealed from the dismissal of their petition.

Plaintiffs in their petition set out a number of reasons for their claim that the act is unconstitutional. These reasons also serve as the assignments of error and as the points asserted in the brief. They are:

1. The title to the act contains more than one subject in violation of Sec. 28, Art. IV of the Constitution.

2. The act is a local and special law and therefore violates Sec. 53, Art. IV of the Constitution because it can apply only to the City and County of St. Louis; because it singles out the City of St. Louis which is the only city not in a county; and because population is not a reasonable basis for classification.

3. The act is discriminatory and takes property without due process in violation of Sec. 1, XIV Amendment of the United States Constitution and Sec. 30, Art. II of our Constitution.

This act has already been considered by Division Two of this

Court in the case of Hull v. Baumann, 345 Mo. 159, 131 S. W. (2d) 721, in an action to prevent its enforcement by the Collector of the City of St. Louis on the ground of unconstitutionality. In a thoughtful opinion by Judge TIPTON this court held the act constitutional and in doing so ruled on the same contentions appellants are now asserting. In that opinion it was held that:

1. The title to the act is sufficient and proper.

2. The act is not a local and special law because the population of the City and County of St. Louis are such that the act applies only to them for the reason the act will apply to all other cities or counties of the same population, or because the fact that St. Louis is the only city not in a county as the city in this connection is regarded as a county, and the act also applies to counties which may have the same population, and all this is so for the reason that under the necessities of the conditions involved population is a natural and reasonable basis for classification.

3. The act is not discriminatory for the reason that it includes the entire class of delinquent taxpayers resident in certain populous areas of the State and· there is a reasonable ground for such classification.

Appellants argue that the facts in this case differ materially from those in the Hull case. We find only two facts pleaded. One of these is that a greater percentage of delinquent taxes was collected under the Jones-Munger Law in the City and County of St. Louis and in the State at large than under the previous law which was substantially the same as this act. This fact may properly serve as a basis for an argument to repeal the new act but it must be addressed to the General Assembly. Furthermore, in the Hull case it was pointed out that the City of St. Louis expended $199,454.02 in buying property sold under the Jones-Munger Law in order to protect the lien for taxes because there were no other substantial bids. Sales to private parties in the City of St. Louis and St. Louis County were approximately two per cent and eight per cent respectively and in other counties the average was thirty-eight per cent. It could not have been the intention of the Legislature to place this added burden in collecting taxes on a city or county in the more populous areas even though more taxes may have been collected. The only other fact which is new to this case is plaintiffs' allegation that titles obtained by sale under the Jones-Munger Law have uniformly been approved by title examiners. This is a minor factor and is not sufficient for us to change the ruling in the Hull case. There, it was agreed that because of the provisions of the Jones-Munger Law a general market for the property to be sold could not be had and that future sales of property which might be sold under its provisions were precluded. One of the reasons advanced for such condition was that the major title insurance companies would not *insure* titles acquired under such sales.

The chief facts in the Hull case advanced to show the need for the

classification used in this act arose from the conditions found in urban localities. We may notice that according to the census the city with the greatest population in this State is St. Louis. Furthermore, of the next seventeen cities ranking in population there are six found in St. Louis County, with one of them ranking sixth in the State.

█ The rule is sound and is well settled that population may be properly used as the basis for classification in a general law regulating certain cities and counties when such classification is reasonable and germane to the purpose of the law. [State ex rel. Gentry v. Curtis, 319 Mo. 316, 4 S. W. (2d) 467.] We found in the Hull case that population was a natural and reasonable basis for the classification used in the act under consideration for the reason that the Jones-Munger Law does not function in all respects in more populous centers.

█ Although this act may apply at the time of its enactment only to one county or to one city because of such classification on population, such fact alone does not make the act a special rather than a general law. [Hull v. Baumann, supra.]

The contentions advanced by appellants are identical with those in the Hull case and have been fully considered. They have been decided contrary to appellants' position. We have held the act to be a general law based on reasonable classifications and therefore not repugnant to constitutional provisions. We adhere to that ruling.

Other objections raised by appellants are relevant only if the act is held to be a special law and in view of our conclusion, need not be considered.

The judgment is affirmed. All concur.