STATE OF MISSOURI at the Relation of FIRE DISTRICT OF LEMAY, a Body Corporate and Political Subdivision of the State of Missouri, Relator, v. FORREST SMITH, State Auditor of Missouri.—No. 39048. —184 S. W. (2d). 593.

Court en Banc, January 2, 1945.

*T. Douglas Moore* for relator.

*Roy McKittrick,* Attorney General, and *Vane C. Thurlo,* Assistant Attorney General, for respondent; *Edwin Rader* of counsel.

814

*Charles & Trauernicht* and *Seward McKittrick, amici curiae.*

DOUGLAS, C. J.—This is an original proceeding in mandamus to compel the State Auditor to register bonds in the amount of $25,000 issued by the Fire District of Lemay in St. Louis County. The auditor refused registration on the ground the act authorizing the incorporation of the fire district and the issuance of the bonds is unconstitutional. We find the act is constitutional and the bonds should be registered.

The act (Laws 1941, p. 505) provides for the incorporation of fire districts in counties of 200,000 to 400,000 inhabitants with the power to tax, issue bonds, acquire fire-fighting apparatus, and employ firemen.

An act of the Legislature carries the presumption of constitutionality. The court will not declare an act unconstitutional unless it plainly contravenes the Constitution. Furthermore, the act embraces a proper subject of legislation because fire protection for the public safety is within the police power of the State.

Article IV, Section 53 of the Constitution provides: ". . . Where a general law can be made applicable, no local or special law shall be enacted; and whether a general law could have been made applicable in any case is hereby declared a judicial question, and as such shall be judicially determined, without regard to any legislative assertion on that subject."

Is the act a local or special law because it applies only to counties of 200,000 to 400,000 inhabitants? According to its terms the act applies: "Whenever the erection of buildings in any territory located without the corporate limits of any village or city becomes so congested that destruction of said buildings by fire becomes a danger to life and property and that fire prevention measures become a public necessity or benefit, if any such area may be within any county in the State of Missouri, now or hereafter having a population not less than two hundred thousand (200,000), nor more than four hundred thousand (400,000) inhabitants, according to the last United States decennial census, said area may establish and incorporate a fire district under this act in the manner hereinafter provided."

The question of classification is primarily for the Legislature. If there is any reasonable basis for the classification made the court must sustain it. Hull v. Baumann, 345 Mo. 159, 131 S. W. (2d) 721.

Population furnishes a proper basis for classification in a general law regulating counties which fall within the class when such classification is reasonable and germane to the purpose of the law. Roberts v. Benson, 346 Mo. 676, 142 S. W. (2d) 1058. Classification on the basis of population is proper here because population is germane to the purpose of the act, fire protection, in view of the greater likelihood of the spread of fire with the resulting increase in danger and loss in thickly populated areas. The danger against which the act seeks to protect grows out of a density of population. Without exception, so far as we know, fire protection is supplied by incorporated communities. The congested unincorporated areas have the same need for it.

St. Louis County is the only county now within the population bracket stated in the act. Such fact alone does not make the act a special law for the reason the act will also apply to other counties

which will attain the same population in the future. Where an act is potentially applicable to other counties which may come into the same class it is not a local law. Roberts v. Benson, 346 Mo. 676, 142 S. W. (2d) 1058, supra.

█ Respondent argues the Legislature does not give the right of organizing fire districts to all the congested areas that need it, but only to those areas in counties covered by the act and for that reason the act is arbitrary, and contrary to the rule expressed in State ex rel. Hollaway v. Knight, 323 Mo. 1241, 21 S. W. (2d) 767 and quoted in Hull v. Baumann, supra, as follows: "But a law general so far as population is concerned may be a special law if the classification made therein is unnatural, unreasonable, and arbitrary so that the act does not apply to all persons, objects, or places similarly situated." This statement is too broad and is not supported by the decisions. Where, as here, population is a reasonable basis for classification it is only necessary that the act apply to all places of the same population designated in the law. The fact there may be congested areas in counties having a different population does not make the act a special law. The discussions leading to opposite conclusions in State ex inf. Gentry v. Armstrong, 315 Mo. 298, 286 S. W. 705; Rose v. Smiley (Mo.), 296 S. W. 815; and State ex rel. Gentry v. Curtis, 319 Mo. 316, 4 S. W. (2d) 467 are not in harmony with the prevailing rule. Reals v. Courson, 349 Mo. 1193, 164 S. W. (2d) 306 is not pertinent because the law discussed there was applicable to a single county only and not even potentially applicable to any other.

The act we are considering applies generally to all congested areas similarly situated, that is—situated in counties of the same population bracket. Because there are other congested areas to which the same act might have been applied does not stamp the classification as unreasonable. See City of Lebanon v. Schneider, 349 Mo. 712, 163 S. W. (2d) 588; State v. █ Gritzner, 134 Mo. 512, 36 S. W. 39; State ex inf. Crow v. Aetna Insurance Co., 150 Mo. 113, 51 S. W. 413; "The line [of demarcation] must be drawn somewhere." Ex parte Lucas, 160 Mo. 218, 61 S. W. 218; Ex parte Loving, 178 Mo. 194, 77 S. W. 508. "The Legislature in the exercise of its power to classify is not required to trace with a hair line the boundaries of the class to which the resulting enactment shall apply." Hawkins v. Smith, 242 Mo. 688, 147 S. W. 1042. The question of classification is a practical one. A law may be directed to that class which is deemed to have the greater need for it. There may be omissions from the application of the law; the entire possible field does not have to be covered. There is bound to be some inequality resulting from any classification but unless it is unreasonable and arbitrary the classification must · be approved. We hold the act in question does not violate the constitutional prohibition against local or special laws.

█ The title to the act is also under fire. It reads:

818

"An Act to provide for the establishment and incorporation of fire districts in counties now having, or which may hereafter have, a population of not less than two hundred thousand (200,000) nor more than four hundred thousand (400,000), defining the powers and method of government of said district; providing for the election, qualifications, powers and duties of the Trustees thereof; providing for the assessment levy and collection of taxes for the maintenance, operation and the payment of the indebtedness of said district; authorizing the issuance of bonds and providing for the terms, manner of execution, sale and payment thereof, and the holding of elections for the purpose of approving the issuance thereof; authorizing the Trustees to make rules and· regulations for fire prevention and fire protection, and providing for fire prevention and fire protection, and providing penalties for the violation thereof; providing for the acquisition, maintenance and operation of fire fighting apparatus and auxiliary equipment, water supply and fire alarm and signal system; providing for the acquisition, construction, maintenance and disposition of real and personal property; authorizing the execution of contracts; granting to the district and its agents municipal and police powers; and providing for the extension, consolidation and disincorporation of the districts, with an emergency clause."

It is plain on its face the title expresses the subject generally and then specifies particulars. Where the title of an act descends to particulars, the particulars stated ordinarily become the subject of the act and the act must conform to the title as expressed by the particulars. Where the title goes into such detail as would reasonably lead to the belief that nothing was included except that which is specified then any matter not specified is not within the title. Any such matter beyond the title is void because of Section 28, Article IV of the Constitution. Hunt v. Armour & Co., 345 Mo. 677, 136 S. W. (2d) 312; Fidelity Adjustment Co. v. Cook, 339 Mo. 45, 95 S. W. (2d) 1162; Graves v. Purcell, 337 Mo. 574, 85 S. W. (2d) 543.

Section 34 of the Act prohibits any city or village from annexing any part of a fire district. The district as a whole must be taken together with all obligations. The same section provides that no city or village shall be incorporated within a district unless the entire area is included. The incorporation of cities and the extension of their limits are the subjects of other statutory provisions. These subjects not being included in the particulars are beyond the title of the act and Section 34 is thereby rendered void.

The act provides if any section is held unconstitutional the remainder of the act shall not be affected. We obey such a legislative declaration where the invalid parts are separable and that which is left is complete in itself, sensible, capable of being executed and independent of that which is rejected. 59 C. J., Statutes, sec. 225; State ex rel. Bier v. Bigger, 352 Mo. 502, 178 S. W. (2d) 347.

Although the subjects of Section 34 may be highly desirable ones for the orderly and proper conduct of the business affairs of a fire district, their desirability is a matter of policy for the Legislature and not for the courts.

Respondent also points out that Sections 23, 24 and 25 are beyond the title of the act. Section 23 declares that anyone parking within six feet of a fire hydrant shall be guilty of a misdemeanor. Section 24 declares anyone interfering with a fireman while performing his duties shall be guilty of a misdemeanor. Section 25 provides for the prosecution and punishment of such misdemeanors. Section 26 empowers firemen to make arrests. These sections, not being included in the title, are void for the same reason.

We hold Sections 23, 24, 25, 26 and 34 are separable. After they are stricken from the act the remainder is complete and capable of being executed and is valid. In view of the legislative declaration we are not in a position to say the Legislature would not have passed the act with these sections omitted.

Respondent also contends the act offends Article III of the Constitution dividing the powers of government into three branches in that it delegates to the circuit court legislative power to determine what facts should form the basis for creation of a fire district. We do not find this to be so. The Legislature has prescribed the conditions which must exist before the rights under the act may be exercised. They are "whenever the erection of buildings . . . becomes so congested that destruction of said buildings by fire becomes a danger to life and property and that fire prevention measures become a public necessity or benefit." In such a case fifty or more residents may petition the circuit court for the organization of a fire district. A hearing is had and evidence produced. The court then approves the organization of the district if it "finds the proposed fire district is necessary." Sec. 3, Laws 1941, p. 505. The provision authorizing the court to determine the necessity for the organization of a district must be read with the conditions set out as precedents to the right to form such a district and means that if the court finds the prescribed conditions exist then it shall approve the organization of the district. A court is authorized to do this under the established principle that the Legislature lays down the general rule and the court decides the rights of the parties under the rule. Rhodes v. Bell, 230 Mo. 138, 130 S. W. 465. "No delegation of legislative functions is involved, in general laws providing for the incorporation of municipal corporations, fixing the conditions on which they may be created, and leaving to some officer or official body the duty of determining whether such conditions exist. . . . It is generally held that the legislature, in enacting general statutes governing the incorporation of municipal corporations, which describe the conditions precedent to incorporation, may confer upon the court or other

agency the power and duty to ascertain the existence of the facts set forth in the statute upon which it will become effective.'' 37 Am. Jur. Municipal Corporations, sec. 8.

In the scheme for organizing a fire district the petitioners set out the proposed boundary lines of the district. This does not violate the due process clause of either the State or Federal Constitutions because such boundaries become fixed only when approved by the court. Nor does the law delegate to private citizens the power to create a public agency of the State as found to be the case in State ex rel. Jones v. Brown, 338 Mo. 448, 92 S. W. (2d) 718.

After the court approves the district, the question of its organization is finally submitted to the legal voters of the district. At the same election a proposition for incurring an indebtedness in an amount not greater than that set out in the petition for incorporation may be submitted. The court must first find the proposition to incur such indebtedness is reasonable and proper. We do not find that the fact the petitioners first propose the amount of indebtedness, later approved by the court, and then by the voters violates any provision of the Constitution. Nor does the act disobey Section 7 of Article IX of the Constitution which prohibits the establishment of more than four classes of cities. State ex inf. Gentry v. Curtis, 319 Mo. 316, 4 S. W. (2d) 467.

Respondent questions the legality of the organization of the district and the submission of the question of indebtedness to the voters. We held in State ex rel. Buckley v. Thompson, 323 Mo. 248, 19 S. W. (2d) 714 that since the State Auditor is required to register bonds only when all the conditions of the law have been complied with, he must be furnished with evidence of the proper organization of the municipal corporation seeking to issue the bonds and of the compliance with the conditions imposed for the issuance of the bonds. In this case the decree of the circuit court finds all the steps required for the organization of the district and issuance of the bonds have been taken and all of the conditions complied with. It also shows the selection of the trustees was proper.

We must give a reasonable construction to Section 6 of the act which states that the district may incur an indebtedness ''for the purpose of purchasing equipment and constructing a building or buildings 'for the purpose of housing such equipment.'' The legislative intent as clearly expressed is to authorize the district to provide housing for its equipment. The district is not limited to *constructing* such housing but may acquire it by purchasing a building already constructed. Such power is plainly implied and is as much a part of the act as if expressed.

The record in the case does not sustain the many objections raised as to the pleadings, the organization of the district, the proposal for

incurring the debt and the issuance of the bonds. It would serve no useful purpose to discuss them. All are ruled against respondent.

Respondent should register the bonds. For that purpose our alternative writ of mandamus is made peremptory and ordered issued. All concur except *Ellison, J.,* absent.