FRED G. NOLTING, ALICE H. VON SCHRADER and WILLIAM A. ZYKAN v. CITY OF OVERLAND, a Municipal Corporation, Defendant, JOHN D. COFFMAN and Eighty-five Other Citizens (Intervenors), Appellants.—No. 39287.—192 S. W. (2d) 863.

Division Two, February 11, 1946.

Rehearing Denied, March 11, 1946.

Barton N. Grant, Milton F. Napier, A. Evan Hughes and Marvin E. Boisseau for appellants.

*Edwards, Metcalfe & Strong* and *Walter L. Metcalfe* for respondents.

WESTHUES, C.—This case was argued and submitted at the May term, 1945. An opinion was adopted by the court, written by the author of this opinion, remanding the cause to the trial court with directions to dismiss plaintiff's petition for the reason that the question at issue had become moot before the judgment was entered in the trial court. Plaintiffs, respondents, filed a motion for rehearing urging that a decision in this case will affect and decide questions in dispute which have not become moot. Upon a careful consideration of the argument in the motion for rehearing we have concluded that there is merit in respondents' position. A rehearing was granted and the case was resubmitted at the January, 1946, call of the court. A brief history of the controversy will be sufficient to an understanding of the issues presented.

Plaintiffs filed this suit to declare void an ordinance extending the city limits of the defendant city of Overland. At an election held on October 27, 1942, the voters of the city authorized the extension. On August 6, 1943, another election was held and the city limits reduced to the original boundaries. An ordinance was passed, August 7, in obedience to the mandate of the election. In our original opinion we held that since the judgment of the trial court was not entered until August 23, 1943, the question at issue had become moot. In that opinion we also said that the city had repealed the ordinance extending the city limits and therefore plaintiffs had received all the relief they could obtain by their suit. However, the statement that the ordinance was repealed was not accurate. The ordinance passed in 1943 simply reduced the city limits to the original boundaries and did not repeal the extension ordinance. In plaintiffs' petition, filed in November, 1942, it was alleged that the city of Overland was about to levy and assess taxes against the lands taken in by the extension proceedings. Plaintiffs asked for injunctive relief. The record discloses that taxes were levied in the year 1943. Plaintiffs also alleged that the ordinance was unreasonable, unjust and oppressive. Facts were recited in the petition which plaintiffs contend sustained that conclusion. If the extension of the city limits was void then it must follow that the taxes levied were also void.

We will now consider the case upon the merits. The trial court decided that the ordinance extending the city limits was unreasonable and therefore void. From the judgment entered the intervenors appealed. The conclusion of the trial court was amply supported by the evidence. The record shows that the city of Overland,

a city of the fourth class, contained four hundred and seventy-four acres of land before the extension. The territory annexed contained five thousand five hundred and ninety-one acres. Within the original boundaries there were a little over ten miles of streets. Within the annexed area there were over one hundred and eight miles. The city had a population of about three thousand inhabitants and the extension added about thirty thousand. The area taken in covered territory surrounding a number of other villages, such as Schuermann Heights, Margona, Sycamore Hills and Mary Ridge. These villages were completely fenced in by the extension of the limits of the city of Overland. Much of the land taken in was farm land that had not been platted or offered for sale as town lots and was not needed for municipal purposes. It is important to observe that much of the territory taken in was and is adjacent to other villages and that the inhabitants thereof had and have no community interest with the city of Overland. Many cases of this state have been examined and no case has been found where a court has sustained an ordinance extending the city limits to the extent attempted by the ordinance in this case. See Stoltman v. City of Clayton, 205 Mo. App. 568, 226 S. W. 315; State ex inf. Major, Atty. Gen. v. Kansas City, 233 Mo. 162, 134 S. W. 1007; Jones v. City of Ferguson, 164 S. W. (2d) 112; Hislop v. Joplin, 250 Mo. 588, 157 S. W. 625; Copeland v. St. Joseph, 126 Mo. 417, 29 S. W. 281; Prairie Pipe Line Co. v. Moscow Mills, 300 S. W. 298. Measured by the rules of law as promulgated by the above cases, it is clear that the extension ordinance in question must be declared void.

Appellants, however, contend in this court, as in the trial court, that if the city of Overland desired to extend its city limits it was bound to take in all of the territory it did because of section 34 of the Fire District Law, Laws 1941, page 516. Section 34 of that act provides that no city or village shall annex any part of a fire district unless the city shall annex the whole of said district. It is urged that the city of Overland was, therefore, bound to take in all of the territory it did because all of such territory was within a fire district. That was the theory upon which the extension proceedings were based. In a resolution adopted on September 8, 1942, the following recitation appears:

"Whereas, the Mayor and the Board of Aldermen have been advised by special counsel for the City of Overland, Missouri, that under Section 13927. 34 Laws 1941, Page 505. Paragraph 34, that no village or city shall annex any part of any Fire District unless said city shall annex the whole of said district."

It is also urged that because of this provision of the law the question of the reasonableness of the ordinance is not an issue in this case. This question was presented to the trial court and on motion for new trial the trial court ruled that section 34, supra, was unconstitutional.

The case was decided before this court en banc handed down a decision in the case of State ex rel. Fire Dist. of Lemay v. Smith, 184 S. W. (2d) 593, 353 Mo. 807. In that case the whole of the article of which section 34 is a part was attacked as being unconstitutional. Particular sections thereof were especially attacked. The court en banc held the fire district law to be constitutional. However, it was held that section 34, supra, was unconstitutional because the subjects of that section were not included in the title of the act. See 184 S. W. (2d) 593, l. c. 596 (13). It was further held that even though section 34 was unconstitutional, the balance of the act was a complete and workable law without it. Appellants argue in this court that the ruling of the court en banc, declaring section 34 to be unconstitutional, was obiter and therefore not controlling. We do not think so. Section 34, as other sections of the article, was directly attacked as being unconstitutional, and being so it was urged that the whole act must fail. In such a situation the ruling made was certainly not obiter. We need not review the question again.

From what has been said it follows that the judgment of the trial court must be and is hereby affirmed. *Bohling, C.,* concurs; *Barrett, C.,* not sitting.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.