JOHNSON et al.

v.

PARKVILLE, MO., et al.

No. 21998.

Kansas City Court of Appeals.

Missouri.

June 7, 1954.

Gresham, Boughan & Whipple and Walter J. Gresham, Kansas City, for appellants.

Harry A. Hall, Kansas City, and R. B. Miller, Jr., Platte City, for respondents.

SPERRY, Commissioner.

This suit was brought by a large number of property owners, residents of an area near Parkville which was annexed to that town in December, 1952. Plaintiffs sought a declaratory judgment nullifying the annexation. Defendants are the town of Parkville, its mayor, council and clerk. Plaintiffs prevailed below and defendants have appealed.

Many witnesses were heard and much documentary evidence was offered by the parties. We will not endeavor to set out in detail the testimony of the numerous witnesses but will summarize the evidence as briefly as possible.

The City of Parkville, a 4th class city, was established in 1853, with an area of approximately one-half square mile. Since 1900 its population has remained static at approximately 800 residents. The 1950 census showed 1,186 population, which included 300 students at Park College. No change in its area occurred from 1853 until November 11, 1952, when the city annexed an area of some two and one-half square miles lying to the north of the old city, and extending to the east and west. This area contained 17 homes and one business, a gasoline bulk station.

Thirty-five days later, December 16, 1952, the city attempted to annex the area in question containing some three square miles, lying north of the land constituting the November annexation, and extending to Highway 45.

The second area, which is the subject of this lawsuit, had a population of 500 people, contained some 162 homes, 47 homes being in Platte Hills, located in the northeast part of the area, approximately one and one-half miles from Parkville. This unincorporated area was platted in 1931 and extends along State Highway 9. Between Platte Hills and Parkville there is a considerable area of acreage tracts and farm lands, including three tracts of 60 acres, one of 200 acres, and various tracts of 35 or 40 acres, which are used for gardens, orchards and the raising of chickens and livestock.

Of the 162 homes in the area, 136 are on tracts of one acre or more in size. Only twelve people who reside in the area are employed in Parkville and the rest are employed in the greater Kansas City area. The only business in the area is a locker plant located on State Highway No. 45, one mile north of the city.

Most of the homes in the area have been built along State Highways 9 and 45 which lead to Kansas City, Missouri, and the area is serviced by the same private utilities, water, light, and telephone companies, that serve Parkville. There are no city streets, sidewalks or sewers which extend from Parkville into the area. Approximately

one-half of Parkville streets and walks are not paved, and Parkville has no sewage disposal system. Sewage is collected in two sewer lines along its main streets which empty into an open ditch south of Parkville. Other sewage in Parkville is taken care of by septic tanks, as is the sewage in the annexed area. Parkville has no funds available for the construction of sewers, streets, sidewalks or roads. The estimated cost of providing a sewer system for the city was $200,000 and, while it is not feasible to construct laterals in the annexed area at this time, lines could be extended along the highway for an additional $300,000. Excluding the State Highways, the roads in the area are maintained by a Special Road District which has adequate funds and equipment. That service will be reduced if the area is included in the city. Parkville has no funds or equipment for maintaining roads. No town lots have been platted or held for sale in the area, nor are there any lots held to be brought on the market and sold as town property. All sales have been in acreage tracts for country homes.

The area is sparsely settled and does not represent the actual growth of the City of Parkville. The area, with the exception of Platte Hills, contains about 110 homes in an area of 1,840 acres, or an average of 16 acres for each home.

Defendants conceded that the November annexation added all the area needed for future development of Parkville, but they wanted the area annexed because it is growing in population and may, eventually, present a health problem because of lack of a suitable sewage disposal system for a dense population because the effluent may come down an open stream to the danger of Parkville residents.

Fire protection is provided by a voluntary community fire department for the area and the city, each of which supplies man power and equipment, which has been adequate for the area.

Both Parkville and the area in question are in the same consolidated school district, and the children attend the same school.

There has been no increase in the business needs of Parkville, which has remained substantially the same since 1900. The shopping, recreational and trade center for the area is Metropolitan Kansas City.

The trial court found that the city's attempt to annex the area was unreasonable and arbitrary, and entered judgment in favor of plaintiffs.

■ The authority and power granted to cities and towns for extension of their corporate limits constitutes a broad grant of discretionary power. In determining whether or not an annexation ordinance is reasonable, the following factors may be considered:

1. When contiguous lands are platted and held for sale or use as town lots;

2. Whether platted or not, if they are held to be brought on the market and sold as town property when they reach a value corresponding with the views of the owner;

3. When they furnish the abode for a densely settled community, or represent the actual growth of a town beyond its legal boundary;

4. When they are needed for any proper town purpose, or for the extension of its streets, sewer, gas, or water system, or to supply places for the abode or business of its residents, or for the extension of needed police regulations;

5. When they are valuable by reason of their adaptability for prospective town uses; but the mere fact that their value is enhanced by reason of their nearness to the corporation would not give ground for annexation if such value was not enhanced on account of their adaptability to town use. State ex inf. Major v. Kansas City, 233 Mo. 162, 213 et seq., 134 S.W. 1007.

In addition to the above the following may also be considered:

1. When the annexed lands have the advantages of the city;

2. When annexation will make the city limits regular;

3. When it will secure uniform grade and alignment of streets in added territory;

4. When required by public convenience and health;

5. When necessary for enforcement of annexing city's police ordinances;

6. When necessary to foster growth and prosperity of the annexing city;

7. To provide more adequate school facilities. State ex inf. Major v. Kansas City, supra; State ex inf. Taylor v. North Kansas City, 360 Mo. 374, 228 S.W.2d 762, 774.

Considering the evidence in this case, with the above guide in mind, we find that, except that the area is developing into homesites, virtually none of the factors mentioned appear. Few homes in the area (22 in 32 years) have been built by an overflow of citizens of Parkville. The population represents an overflow of people from greater Kansas City. The residents of the area have received suitable police protection from the sheriff's office, in Platte County; and they do not pose a police problem so far as Parkville is concerned. The evidence shows that there is but one business, a locker plant, located there. Considering the number of houses in Platte Hills, together with those in the remainder of the area, it does not appear that Parkville is presently threatened, from a health standpoint, on account of sewage conditions in the area. Homes of the area are equipped with septic tanks, built to state specifications, and adequately take care of the sewage. The cost of construction of a modern sewer system in the area would be prohibitive, both to the residents of the area and to the people now living in Parkville; and it is not needed at this time. Neither the school children of the area, nor those of Parkville, are in any wise affected by annexation, both being served by a consolidated school. Very few of the people who live in the area are employed in Parkville. Their business and social lives are but slightly connected with that of the city. Parkville neither furnishes, nor will furnish, any of the public utilities needed

and used by residents of the area. The land is not needed by the city for homesites or business locations for its growth. The area will be under a comprehensive zoning plan, enforced by Platte County, hence is not in need of Parkville zoning laws.

It is true that the land is more densely populated than is farmland, that going prices are at least twice as high as they would be for strictly farm uses, and that the land is being held for sale in small tracts for homesites. Defendants contend that this alone is sufficient to justify annexation. We cannot agree with that contention. Each case must be considered on its own merits and the factors above quoted are merely guides to follow. Land values in the area are not due to proximity to Parkville nor, to any appreciable extent, to any influence due to Parkville. There is but little interdependence between the residents of the area and the residents of Parkville, so as to make it especially desirable to the people of the area that they be subjected to the various taxes and regulations that usually follow inclusion in an incorporated city; nor will Parkville be benefited in any material way by the annexation. There is a lack of mutuality of benefits such as ought to exist in such cases.

The people of the area *might* receive lower utility rates, from the private utility companies serving both Parkville and the area, if the area becomes a part of Parkville. Such benefits to them would not aid Parkville; and the benefits are of doubtful net value to the people of the area, under all of the evidence.

The general situation here shown is similar to that presented in Nolting v. City of Overland, 354 Mo. 960, 192 S.W.2d 863, 864. See a discussion of that case in State ex inf. Taylor v. North Kansas City, supra, 228 S.W.2d at page 774.

■■ The rule is that if the reasonableness of a proposed annexation is fairly debatable, then the courts will defer to the judgment of the council in enacting the annexation ordinance. State ex inf. Taylor v. North Kansas City, supra, 228 S.W.2d

at page 774. But, in the case at bar, the evidence is overwhelmingly to the effect that neither the city nor the area would benefit by this annexation. The evidence discloses that the ordinance providing for the annexation is illegal, unreasonable, arbitrary, oppressive and void.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.