CITY OF TRACY, A Municipal Corporation, Plaintiff-Appellant,

v.

James C. McCREA and Virginia McCrea, his wife, Jake M. Hunt and Pauline Hunt, his wife, Elmer J. Spurgeon and Viola Elizabeth Spurgeon, his wife, Defendants,

and

Terrence Riley and Bertha Riley, his wife, William V. Clements and Diantha M. Clements, his wife, Defendants-Appellants.

Nos. 23813, 23814.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1963.

Terrence Riley, Platte City, for appellants.

David R. Clevenger and William D. Lay, Platte City, for respondents.

SPERRY, Commissioner.

This is an action by the City of Tracy, a Municipal Corporation, Plaintiff, for a Declaratory judgment authorizing it to annex an area of between one hundred sixty (160) and two hundred (200) acres. This action is brought under the provisions of Section 71.015 and 507.070 RSMo 1959, V.A.M.S. A number of inhabitants of the area to be annexed were made defendants and others became intervenors. All such persons will be referred to as defendants. There was a judgment denying plaintiff relief sought and dismissing its petition. Plaintiff appeals.

Plaintiff is a city of the Fourth Class. It was originally organized as a village, in 1883. In 1910 it had a population of 176. In 1940 its population was 230, and, in 1960, it was 208.

It has no fire department but is protected by the Platte County Independent Fire Association, which also protects the area sought to be annexed. It has no zoning ordinance and the area sought to be annexed is regulated by the Platte County zoning ordinance. It has no sanitary or storm sewer system. It has a one man police department. Its streets are in very good condition but most of its revenue, during the past few years, has been spent for that purpose. It has no water system but it recently voted a $20,000.00 bond issue and $33,000.00 in revenue bonds which are to be sold to a United States Agency and the proceeds thereof used for the purpose of constructing a water system to service the present city inhabitants. Those facilities would provide for a population of 500, but it is not expected that the funds will be sufficient for extension of the system into the territory sought to be annexed. It has no plans, at present, for extension of streets into the new area, or for the construction of fire, water, or sewer facilities therein.

The area sought to be annexed is primarily agricultural in nature. There is one service station, one restaurant, a feed mill, and three residences located therein. One residence is on a 45½ acre tract, one on a 37 acre tract, and the other on a 10 acre tract. One of the tracts sought to be annexed, and by far the largest and consisting of sixty acres, is lowland, subject to

overflow, and is not suited for residential purposes. Other overflow land is also included in the area.

There was testimony to the effect that a number of people were interested in acquiring residential property in Tracy but that no building lots were available. There was also testimony to the effect that there were residential lots available in the City, but such testimony was not specific as to what property was available for such purposes, or the number of such lots. Several owners of land within the area, including that of much of the overflow land, either seek annexation or do not oppose it. Two persons owning about 55½ acres, suitable for residential purposes, which land is now being used for agricultural purposes, oppose annexation. There is no evidence from which we can determine the exact acreage of the total area sought to be annexed. Defendants, in their brief, state it consists of "more than one hundred sixty acres", and the Court, in its findings of fact, refers to it as two hundred (200) acres. In any event, it is in excess of four times the present area now included within the City limits.

Section 71.015, supra, requires the petition to state facts showing:

1. The area to be annexed;

2. That such annexation is reasonable and necessary to the proper development of the City;

3. The ability of the City to furnish normal municipal services of said City to the unincorporated area within a reasonable time after the annexation is to become effective.

■ The burden of proving the above allegations rests squarely on plaintiff. City of St. Ann v. Buschard (Mo.App.) 299 S.W.2d 546, 552; City of Olivette v. Graeler (Mo.App.) 338 S.W.2d 827, 833; Aurora v. Empire District Electric Company, Mo. App., 354 S.W.2d 45, 47.

■ Defendants earnestly contend that plaintiff has failed to establish either point one or point two. The trial Court found, and held, to that effect. Our review of the record leads us to the same conclusion as that reached by the trial Court.

In Johnson v. Parkville (Mo.App.) 269 S.W.2d 775, 777–778, we said:

"[1] The authority and power granted to cities and towns for extension of their corporate limits constitutes a broad grant of discretionary power. In determining whether or not an annexation ordinance is reasonable, the following factors may be considered:

"1. When contiguous lands are platted and held for sale or use as town lots;

"2. Whether platted or not, if they are held to be brought on the market and sold as town property when they reach a value corresponding with the views of the owner;

"3. When they furnish the abode for a densely settled community, or represent the actual growth of a town beyond its legal boundary;

"4. When they are needed for any proper town purpose, or for the extension of its streets, sewer, gas, or water system, or to supply places for the abode or business of it residents, or for the extension of needed police regulations;

"5. When they are valuable by reason of their adaptability for prospective town uses; but the mere fact that their value is enhanced by reason of their nearness to the corporation would not give ground for annexation if such value was not enhanced

on account of their adaptability to town use. State ex inf. Major v. Kansas City, 233 Mo. 162, 213 et seq., 134 S.W. 1007 [1022].

"In addition to the above the following may also be considered:

"1. When the annexed lands have the advantages of the city;

"2. When annexation will make the city limits regular;

"3. When it will secure uniform grade and alignment of streets in added territory;

"4. When required by public convenience and health;

"5. When necessary for endorsement of annexing city's police ordinances;

"6. When necessary to foster growth and prosperity of the annexing city;

"7. To provide more adequate school facilities. State ex inf. Major v. Kansas City, supra; State ex inf. Taylor [ex rel. Kansas City] v. North Kansas City, 360 Mo. 374, 228 S.W.2d 762, 774."

The lands herein considered for annexation have never been platted or held for sale or use as town lots; they are not held for future sale as town property. They furnish abode for three families only, more than fifty acres per family, and those homes do not represent the growth of plaintiff beyond its borders. The land is not needed for extension of streets, sewers, (which latter are non-existent in the city and it is not planned to construct them),

gas system (none shown to exist), or water system. It does not appear, except vaguely, that any business enterprise presently seeks a location in the city. Police service is now being rendered in the area by the County Sheriff. The lands enjoy no services for which plaintiff is responsible or contributes. The annexation would not make the city limits regular. It would not bring to the area, or to the present City, any advantage regarding the streets of the city. There are no streets in the area and none specifically planned. The annexation is not needed because of police or health conditions. Schools and telephone service will be in no wise affected by the annexation.

The city contends that the land is needed for the construction of new homes, that there is a demand for such new housing. Assuming that there have been inquiries concerning the acquisition of building sites within the City, we cannot say, from the evidence adduced, that such lots are not available. There was testimony both ways on the subject. The trial Court saw and heard the witnesses and found and held that annexation was not reasonably supported by the evidence. As to the question of the demand for, and the availability of building lots within the present City limits, we not only defer to his judgment thereon, but we, also, hold that plaintiff failed to carry the burden of proving those issues.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.