The **CITY OF RICHMOND**, a Municipal Corporation of the Third Class in Ray County, Missouri, Plaintiff-Appellant,

v.

Clarence **HARMON** et al., Defendants-Respondents.

No. 25543.

Kansas City Court of Appeals, Missouri.

June 7, 1971.

Edward E. Calvin, McCalley & Calvin, Richmond, for plaintiff-appellant.

Bradley, Skelton & Schelp, N. R. Bradley, Lexington, for defendants-respondents.

FLOYD L. SPERRY, Special Commissioner.

This is a suit for a declaratory judgment. The City of Richmond, a third class city, with a mayor-city council form of government, filed an amended petition seeking judicial approval to annex unincorporated land adjacent to and completely surrounding Richmond. The respondents herein are property owners affected by the proposed annexation. The court on May 26, 1970, found the annexation unreasonable and unnecessary to the proper development of the City of Richmond, and dismissed the petition. Plaintiff appeals.

This was a warmly contested case. The court is deserving of praise for the excellent job done in presiding and in ruling on questions presented. Attorneys for both sides to the controversy showed themselves to be excellently prepared, familiar with both the law and facts pertinent to the issues.

The transcript consists of 456 pages, covering the testimony of twenty witnesses, involving some sixty-three exhibits,

consisting of maps and photographs, in addition to interrogatories and answers, extensive pleadings, and court orders. Our opinion must be reasonably restrained else it will be burdensome on all for whose benefit it is intended. We must also recognize the facts in this case, particularly, the numerous exhibits, plats, pictures, maps, etc., were well exhibited to the court; he was able to see same, and, at the same time, hear the explanatory testimony of witnesses relative thereto and observe the gestures of witnesses, including the detailed pointing out thereon of the terrain, location of roads, houses, parks, commercial and public buildings. The court had a much better opportunity to fully understand and appreciate the vital facts involved than we can have by reference to the transcript and exhibits before us.

Richmond is the county seat of Ray County, located on Missouri highways numbered 10, 13 and 210. It is approximately fifty miles east from downtown Kansas City. The county is primarily agricultural in character and the evidence is to the effect that it will likely continue so to be during the reasonably foreseeable future, or for twenty years. There was testimony to the effect that this is the first attempted annexation of territory, although territory has been added on petition.

There was evidence tending to prove that the incorporated area includes 1,600 acres; that thirty per cent thereof is undeveloped and vacant; that the area sought to be annexed consists of 3,280 acres; that the area of the city, after annexation, if authorized, will be 4,880 acres, or about three times its present size; that the *overwhelming* majority of the land proposed to be annexed is strictly agricultural, and has always so been; that one tract thereof consists of 450 acres, 75 acres of which is bottom land subject to overflow; that the whole acreage is cultivated and grazed; that the present owner had owned it for a great many years and has had no inquiry for its use for any purpose except for four lots which were plotted many years ago and one of which is still unimproved. There was testimony by other owners regarding tracts of 115 acres, 138 acres, and other acreages; that there has been no inquiry for use of such lands other than for agricultural purposes. Mr. Letzig owns one tract of 145 acres. He stated that he has electricity from Missouri Public Service Company, city water, fire protection from a rural fire organization linked to the city; that the city tax rate is $1.80 per hundred; and that city taxes on his property would amount to $400.00 per year without material benefit to him. He had counted eighty-seven vacant lots in the city and estimated that there are three hundred acres vacant.

There was evidence to the effect that the population of Richmond in 1913 was 4,000; that it was 4,700 in 1960; 5,050 in 1967; that the rate of population growth is less than one per cent per year. However, the city estimated that the population would double by 1990, estimated three per cent annual growth rate, and stated that it was planning for twenty years in advance. There was evidence to the effect that recent growth, outside of present city limits, has not been extensive, but what occurred was chiefly along the state highways passing through the city. Plaintiff's city planner estimated that there are some six hundred and sixty-eight acres of undeveloped land in the present city limits. The mayor estimated that there are five hundred people living in the area sought to be annexed.

There was evidence tending to show that Richmond is operating on a sound financial basis; that it is well served with adequate utilities and with excellent fire and police protection. The area proposed for annexation is being adequately served with police protection by the sheriff and highway patrol. Residents have adequate roads, fire and water service. It was shown by competent evidence that, for the city to furnish adequate water and sewer

service to residents of the new area, would require construction of 30,000 feet of four inch water pipes; that, because of the nature of the terrain and of natural drainage conditions, it would be necessary to construct several miles of sewer lines and to install a number of pumping and treatment plants. From the evidence, it appears that construction of such facilities, in order to serve the entire annexed area, would be expensive and time consuming. However, the city offered no specific evidence as to the projected cost of furnishing fireplugs and other necessaries, street construction or maintenance costs, or costs of sewers and sewage treatment, but the city planner estimated that several sewage treatment areas must be provided in view of the terrain, and to serve the different drainage areas in the proposed annexation area.

■ In our review of this case we may not substitute our judgment for that of the city council, even though we might disagree with the council. However, the action of the council in ordering the annexation must be reasonable. We must determine whether the annexation here considered is reasonable, and is reasonably necessary to the proper development of the City of Richmond. Ozier v. City of Sheldon, Mo.App., 218 S.W.2d 133, 137. Plaintiff does not disagree with this declaration.

■ In determining that question we are not impressed with plaintiff's argument that witness Waddell (who owned 450 acres of farm land within the area) admitted on cross-examination that the reasonableness of the annexation was "debatable". We have read this testimony carefully. The witness did not use the word "debatable" in its technical sense, as lawyers understand the term. It is apparent he considered that the inclusion of his farm lands within the city limits was clearly unreasonable.

In determining the reasonableness of this proposed annexation we are guided by declarations made by this court in Johnson et al. v. Parkville, Mo., et al., Mo.App., 269 S.W.2d 775, 777, 778. We find that the facts here shown do not make a case for annexation under the conditions there stated.

Mr. Waddell's 450 acres is farm land. Mr. Letzig owns 145 acres likewise used strictly for agricultural purposes. Mr. Jacobs owns 138 acres, similarly used. This land is in the north and northeast portion of the area and totals 733 acres, almost half of the size of the incorporated area of Richmond. We hold that it would be unreasonable and unjust for plaintiff to annex this farm land. The owners would be subjected to payment of city taxes. The Waddell tax, according to the testimony relating to the Letzig property, would be approximately $1,200.00 per year. These owners would receive no appreciable benefit. Ozier v. City of Sheldon, Mo.App., 218 S.W.2d 1. c. 138. The same general situation exists in other large areas of the area sought to be annexed. Same can readily be noted by looking at the maps, pictures and other exhibits, as well as by the testimony herein.

Since we hold that annexation of the 733 acres specifically mentioned is unreasonable and unjust, we hold, without further discussion, that annexation of the entire area is unreasonable and must be denied. City of Rock Port v. Atchison County Cooperative Ass'n, Mo.Sup., 432 S.W.2d 317, 328.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by SPERRY, Special Commissioner, is hereby adopted as the opinion of the Court.

All concur.