MANCHESTER FIRE PROTECTION
DISTRICT et al., Appellants,

v.

ST. LOUIS COUNTY BOARD OF
ELECTION COMMISSIONERS et
al., Respondents,

and

City of Ferguson et al.,
Intervenors-Defendants-Respondents.

No. 59481.

Supreme Court of Missouri,
En Banc.

Sept. 12, 1977.

R. John Bopp, Ballwin, for appellants.

A. E. Nick, Ferguson, Stephen W. Woodard, St. Louis, for respondents.

DONNELLY, Judge.

Plaintiffs are seven fire protection districts located in St. Louis County, Missouri, organized and operating under Chapter 321, RSMo 1969. The boundaries of all of the districts are partially overlapped by the boundaries of municipalities which offer fire services. The petition sought a declaratory judgment that Sections 321.650 through 321.685, RSMo Supp.1975, are invalid. The trial court denied relief. Plaintiffs appealed.

Plaintiffs first contend that because the provisions of Sections 321.650–321.685, supra, apply only in "any county of the first class having a charter form of government and not containing all or part of a city with a population of more than four hundred fifty thousand inhabitants" (presently St. Louis County), they constitute a special or local law where a general law can be made applicable, and are therefore unconstitutional under Mo.Const. Art. III, § 40(30).

The contention is without merit. In *State ex rel. Fire District of Lemay v. Smith,* 353 Mo. 807, 816–17, 184 S.W.2d 593, 595 (banc 1945) this Court upheld the validity of an act providing for the incorporation of fire districts in counties of 200,000 to 400,000 inhabitants, and said:

". . . St. Louis County is the only county now within the population bracket stated in the act. Such fact alone does not make the act a special law for the reason the act will also apply to other counties which will attain the same population in the future. Where an act is potentially applicable to other counties which may come into the same class it is not a local law. *Roberts v. Benson,* 346 Mo. 676, 142 S.W.2d 1058. [(banc 1940)]."

Plaintiffs next contend that Sections 321.650–321.685, supra, are invalid because they were not passed in accordance with Mo.Const. Art. III, § 42, which requires publication of notice in each affected locality.

The contention is without merit. We have held that Sections 321.650–321.685, supra, do not constitute a special or local law.

Plaintiffs next contend that Sections 321.650–321.685, supra, are constitutionally void "by reason of * * * [their] conflicting standards, ambiguity and vagueness."

Plaintiffs assert that the amount of payment to be made by the municipality to the fire protection district in the event of exclusion is inconsistently provided for in Sections 321.660 and 321.675. Section 321.-660 states generally that the municipality shall annually pay to the fire protection district for the fire services rendered an amount equal to that which would have been levied and collected on all taxable property in the area excluded for each year during which service is rendered. The excluded area is not to be subject to taxation by the fire protection district except for bonded indebtedness which existed prior to the time of exclusion. Section 321.675

states that the amount to be paid by the municipality to the fire protection district under 321.660 is to be the annual assessed value of all property subject to tax in the excluded area, multiplied by the annual tax rate as certified by the fire protection district (not including any portion of the tax rate for ambulance service or bonded indebtedness incurred prior to the exclusion) per $100 assessed valuation. These two sections are not in conflict. Section 321.675 is merely a qualification of the general statement of the amount to be paid to the fire protection district for fire services under Section 321.660. Both sections require payment only for fire services rendered, and exclude ambulance service and prior bonded indebtedness from the payments to be made by the municipality.

Plaintiffs further attack the statutes on grounds involving situations which could exist in areas which could overlap as a result of annexation elections held after September 28, 1975. Appellants are all fire districts located in areas where boundaries overlapped on September 28, 1975. We decline to rule these issues. To do so would be to render an opinion "which is merely advisory as to the state of the law upon purely hypothetical facts." *State ex rel. Chilcutt v. Thatch,* 359 Mo. 122, 129, 221 S.W.2d 172, 176 (banc 1949).

The judgment is affirmed.

All concur.