ST. LOUIS COUNTY WATER
COMPANY, Appellant,

v.

PUBLIC SERVICE COMMISSION of the
State of Missouri, Respondent,

Hazel BEAMAN, Respondent,

v.

James F. CONWAY et al., Appellants.

Nos. 40054, 40405.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 16, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 16, 1979.

Application to Transfer Denied
May 17, 1979.

George E. Lee and Doris J. Banta, St. Louis, for St. Louis County Water Co.

Jack L. Koehr, City Counselor, Judith A. Ronzio, Asst. City Counselor, St. Louis, for James F. Conway et al.

Karen Tokarz, St. Louis, for Hazel Beaman.

L. Russell Mitten, II, Missouri Public Service Commission, Jefferson City, for Public Service Commission.

John H. Hendren, Hendren & Andrae, Jefferson City, amicus curiae, for St. Joseph Water Co. and Capital City Water Co.

ALDEN A. STOCKARD, Special Judge.

These two cases have been consolidated by this court for purposes of appeal. Each case is a suit for a declaratory judgment requesting a declaration of the validity and, if valid, a construction, of § 319.015(3), 1976 Supp. to Mo.Rev.Stat.1969.

Senate Bill No. 583 of the 78th General Assembly was entitled "An Act relating to the protection and safety of the public by providing notices to operators of underground facilities through regulation of demolition, excavation and blasting." The provisions of Senate Bill 583, as finally enacted and approved, are now designated as § 319.010 through § 319.050, 1978 Supp., V.A.M.S., and are hereafter referred to as the "Act."

In order to place the challenged provision of § 319.015(3) in proper context we shall quote or set forth the substance of the other provisions of the Act.

Section 319.010 provides that the Act shall be known as "the underground facility safety and damage prevention act."

Section 319.015 contains a definition of terms. In paragraph (1) there is a definition of the term "excavation," and in paragraph (2) the term "Person" is defined to mean "any individual, firm, joint venture, partnership, corporation, association, municipality, governmental unit, department or agency and shall include any trustee, receiver, assignee or personal representative thereof."

Paragraph (3) defines "underground facility." We shall set forth the paragraph in its entirety, but the portion we italicize was added as an amendment in the House after the bill had been passed by the Senate. It was then subsequently agreed to by the Senate.

" 'Underground facility' means any item of personal property which shall be buried or placed below ground for use in connection with the storage or conveyance of water, sewage, electronic, telephonic, or telegraphic communications, electric energy, oil, gas or other substances, and shall include but not be limited to pipes, sewers, conduits, cables, valves, lines, wires, manholes, attachments and those portions of poles below ground. *All underground facilities within any public street, alley, right-of-way or easement shall be fully maintained by the public utility, municipal corporation or other person providing said service.*

Section 319.020 provides that within 30 days after the effective date of the Act "every public utility, municipal corporation or other person having underground facilities in any public street, alley, right-of-way dedicated to the public use or other location by easement shall file with the recorder of deeds * * * and with the clerk of any municipality of the state having a population of two thousand or more in which it is doing business, the job title, address and telephone number to which telephonic or written inquiries concerning the location of underground facilities may be addressed."

Section 319.025 requires that a person shall not make or begin any excavation in any public street, alley, or right-of-way dedicated to the public use or easement "without first giving notice to and obtaining information from each and every public utility, municipal corporation or other person having such underground facilities * * concerning the possible location of any underground facility."

Section 319.030 provides: "Every person owning or operating an underground facility shall, upon request as provided herein by a person intending to commence an excavation, inform such excavator as promptly as practical, but not in excess of two normal working days from receipt of the notice, unless otherwise mutually agreed, by some reasonable and customary means of the correct location of underground facilities in or near the area of the excavation so as to enable the person engaged in the excavation work to locate the facilities in advance of and during the excavation work." Other sections, not particularly relevant to the issue presented, provide that obtaining the information required by the Act does not excuse any person for failure to perform any excavation in a careful and prudent manner; that if damage to an underground facility occurs, failure to comply with the Act shall be a rebuttable presumption of negligence: that in the event of damage to an underground facility the person responsible shall immediately notify the owner or operator thereof; and that emergency situations are exempt from the Act.

St. Louis County Water Company (hereafter "The Company") is a public utility subject to regulation by the Missouri Public Service Commission (hereafter "Commission") and is engaged in the business of processing, distributing and selling water in St. Louis County. The water is distributed through a system of water mains, most of which are buried underground. The Company has in the past required by rule, approved by the Commission, that a customer desiring to be supplied with water must, at his expense, provide his own water service line which is thereafter owned and maintained by the customer. The service lines are usually buried under the ground, and portions of the service lines, in order to reach the Company's main, must be in a public street, alley, right-of-way or easement.

After the Act became effective, the Commission's staff filed a complaint with the Commission in which it requested that the Commission prescribe a regulation which would require the Company to fully maintain all underground facilities used in providing its water to customers which are located within any public street, alley, right-of-way or easement. The staff of the Commission also sought authority to file an action for statutory penalties to be assessed against the Company on the theory that by continuing to enforce its rule it was failing to comply with the law.

In its petition for declaratory judgment the Company asserts, among other things, that the Act is in violation of Article III, § 23, Constitution of Missouri, which requires that no bill shall contain more than one subject which shall be clearly expressed in its title.

Hazel Beaman is the owner of property located at 1415 Bremen in the City of St. Louis. She receives water at said place from the Water Division of the Department of Public Utilities of the City of St. Louis. In August 1977, the water service to the Beaman property was terminated by the City of St. Louis because of a leak in the service pipe located under the street in front of the Beaman property, and she was notified that the Water Division would not repair the leak and would not restore water service until the leak was repaired.

Hazel Beaman filed suit and alleged in Count I of her petition, an action for a declaratory judgment, that § 319.015(3) requires the City of St. Louis to make the repairs to correct the leak in the service line located in the public street and which supplies water to her building. Other counts were held in abeyance by agreement of the parties and the judgment on Count I was designated an appealable judgment pursuant to Rule 81.06.

Article III, § 23, Const. of Mo., provides that "No bill shall contain more than one subject which shall be clearly expressed in its title" with certain exceptions not here applicable. "The object of the requirement is that 'the title, like a guideboard, indicate the general contents of the bill, and contain but one general subject, which might be expressed in a few or a greater number of words.' *State ex rel. Normandy School District of St. Louis County v. Small,* * * * 356 S.W.2d 864, 864–869 [Mo. banc 1962]." *508 Chestnut, Inc. v. City of St. Louis,* 389 S.W.2d 823, 828 (Mo.1965). The evil to be avoided by this constitutional requirement is the imposition upon the members of the legislature and interested people that they be required to painstakingly search through the language of bills to determine whether there is something there adverse to their interest. "By requiring an 'honest' title— one which is not designed as a cover—the legislators will not be misled into overlooking or carelessly or unintentionally voting for vicious and incongruous legislation, and interested people will be notified of the subjects of legislation being construed in order to have an opportunity to be heard thereon." *508 Chestnut, Inc. v. City of St. Louis,* supra at p. 829.

▮▮▮ The title may be expressed in a few words when the constitutional requirement can in that way be met, but even though a few words might suffice, where the title "descends to particulars the particulars stated become the subject of the act [and the Act] which must conform to the

**636**

title as expressed by the particulars. 'Where the title goes into such detail as would reasonably lead to the belief that nothing was included except that which is specified then any matter not specified is not within the title. Any such matter beyond the title is void * * *.' *State ex rel. Fire Dist. of Lemay v. Smith,* 353 Mo. 807, 184 S.W.2d 593, 596 [1945]."

■ The title of Bill No. 583 is not general. It refers to "the protection and safety of the public" but it does not stop there. Instead, it adds: "by providing notices to operators of underground facilities." There then follows a phrase of somewhat doubtful meaning, but apparently intended to state that the "protection and safety" is to be provided by "notices to operators of underground facilities" through the process of "regulation of demolition, excavation and blasting." The use of these particulars results in them becoming the "subject of the Act," and the contents of the Act "must conform to the title as expressed in the particulars." The words of the title could not possibly be construed to include or to refer to the imposition of a duty on a "public utility, municipal corporation or other person," which provides "such service," to "fully" maintain property of which it is not the owner. Although the language of the amendment to paragraph 3 of § 319.015 is of questionable meaning, any reasonable construction is totally foreign to and outside the limits of the particulars constituting the subject of the Act.

The House amendment, inappropriately made to the section specifically stated to relate to definitions, and to paragraph (3) thereof which is specifically stated to relate to the meaning of the term "underground facilities," presents the precise situation that Article III, § 23 of the Constitution was designed to prohibit. No reasonable person could read the title and have reason to believe or suspect that somewhere in the bill there was a provision imposing a duty on the suppliers of "such service" to assume "full maintenance" of the property of others. The amendment is "beyond the title," and for that reason violates the provisions of Article III, § 23 Constitution of Mo., and is void.

Other challenges are made to the validity of the amendment, which we do not consider to be without merit, particularly the challenge that the amendment constitutes an unconstitutional taking of property without due process of law. We do not need to rule these other challenges in view of the result we have reached.

The judgment in each case is reversed and the causes remanded for the entry in each case of a declaratory judgment according to the views here expressed.

DOWD, P. J., and CRIST, J., concur.